## THE STATE on the relation of HAVEN and Wife *v.* MELOGUE and Others.

Under the provisions of the constitution (art. 1, s. 22) and the statute of 1852 (2 R. S. p. 337, s. 1), property is exempt from execution only in actions upon contract.

The exemption is a personal right which the debtor may waive or claim, at his election.

If the debtor should not claim the exemption, the sheriff should levy: but if the debtor claim, the property exempt must be appraised and set apart.

Tuesday,
June 2.

APPEAL from the *Hendricks* Circuit Court.

GOOKINS, J.—At the *April* term, 1854, of the *Putnam* Circuit Court, *Haven* and wife recovered a judgment against *Smith* and wife, in slander, for 100 dollars damages, and 50 dollars and 27 cents costs; and on the 20th day of *April*, 1854, sued out a *fi. fa.* thereon, which was delivered to the defendant *Melogue*, who was sheriff of *Hendricks* county, for execution, and which, on the 20th of *October* following, he returned *nulla bona*. This action

is brought on the official bond of *Melogue* as sheriff, against him and his sureties, assigning for breaches that the above return was false, and that it was not made within the time required by law. The issue joined upon the pleadings was submitted to the Court for trial. Finding for the plaintiff, five cents damages. Motion for a new trial refused, and judgment rendered for the plaintiff for the damages assessed, and in favor of the defendant for costs.

The judgment, execution, and return were given in evidence, and it was proved that the defendant in execution had a considerable amount of personal property, encumbered somewhat, but not to its full value. The Circuit Court held that it was not worth 300 dollars, exclusive of incumbrances.

The appellant admits that had the execution been issued upon a judgment for the recovery of a debt contracted after the 4th day of *July*, 1852, property to the amount of 300 dollars in value would have been exempt; but insists that as it was for the recovery of a judgment in an action of tort, unconnected with contract, there was no exemption.

Art. 1, s. 22, of the constitution, is as follows: " The privilege of the debtor to enjoy the necessary comforts of life shall be recognized by wholesome laws, exempting a reasonable amount of property from seizure or sale for the payment of any debt or liability hereafter contracted: and there shall be no imprisonment for debt, except in cases of fraud."

An act was approved *February* 17, 1852, the preamble of which recites the above constitutional provision; and the first section of the act provides that an amount of property not exceeding 300 dollars in value, owned by any resident householder, shall not be liable to sale on execution, or any other process from a Court, for any debt growing out of or founded upon a contract express or implied, after the 4th day of *July*, 1852. 2 R. S. p. 337. The property exempted may be real or personal, or both, as the debtor may elect. *Id.* s. 2. The ninth section provides that if any execution-debtor shall claim property as exempted by virtue of said act, he shall elect whether he will

May Term,
1857.

claim personal or real property, or both, and shall designate the property so claimed.

It was not proved that the defendant in execution designated or claimed any of his property as exempt.

Under the above provisions, we think property is exempt from execution only in actions upon contract. We are also of opinion that the exemption is a personal right which the debtor may waive or claim, at his election.

The execution in this case did not show the nature of the action; and the complaint does not aver that the sheriff was informed of it. Whether he was bound to take notice of the nature of the action, is a question which the parties have not made—the complaint not having been demurred to—and we shall not discuss it. We think, in the absence of any such claim, the sheriff should have levied. Indeed, the statute seems to require a levy, even when it is so claimed, and that the property be appraised and set apart. The execution-defendant, who was examined as a witness, makes no allusion in his testimony to any claim of exemption set up by himself; and we think the finding of the Court, upon the evidence, was clearly wrong. The nominal damages were assessed, we presume, upon the breach for failing to return the writ in time.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded for a new trial.

*C. C. Nave*, for the state.

*J. M. Gregg*, for the appellees.