Nov. Term,
1857.

VANDIBUR
v.
LOVE.

*Tuesday,
January* 5.

---

## VANDIBUR *v.* LOVE.

Suit by the vendee of an execution-defendant against a constable, for the recovery of personal property. On service of summons in the original suit, the defendant told the constable to tell the plaintiff, or the justice, to set off his property, and if he had more than 300 dollars' worth, the plaintiff might recover his debt. After execution had issued, defendant sold the property. He was a resident householder, and his property, including that sold, was worth less than 300 dollars. After the sale, execution was levied upon the property in the hands of the vendee. Defendant then claimed it as exempt from execution under the statute of 1852. The execution was issued four months before it was levied.

*Held,* 1. That whilst the execution was in the hands of the officer, and the property in the hands of the execution-defendant, the writ was a lien upon his personal property in the county, and as owner he might claim it as exempt; nor did his sale of the property divest the lien.

2. That the execution-plaintiff and the officer had notice of the intention of the execution-defendant to claim the benefit of the exemption law; that the failure to levy the execution for four months after it issued, was to some extent an acquiescence in the justness of the claim, which, coupled with the fact that the defendant did not possess 300 dollars' worth of property, gave him the right to perfect his claim after levy, for the benefit of his vendee.

*Monday,
January* 11.

APPEAL from the *Decatur* Court of Common Pleas.

HANNA, J.—This was an action by the appellee against the appellant for the recovery of the possession of personal property.

The case was submitted to the Court upon an agreed statement of facts, in substance as follows: On the 31st of March, 1855, *Byrd W. Burk* obtained a judgment against one *Jesse Myers* before a justice of *Decatur* county. On the 12th of *April*, 1855, execution issued. *Myers* then owned the property in dispute, which was worth 70 dollars. On the 10th of *July*, 1855, he sold said property to another person, who, on the 13th of the same month, sold the property to *Love*. *Vandibur*, as constable, levied said execution on said property on the 14th of *August*, 1855. *Myers*, during all that time, was a resident householder of said county, and his property of less value than 300 dollars, including this property, and he had not, prior to its sale by him, claimed such property as exempt from sale on execution, except, " that he told the constable who served the summons in the original suit, at the time of such service, to tell *Burk*, or the justice, to set off his property, and if he had more than 300 dollars, he could get his debt." He claimed it as exempt after the levy, and before this suit was brought.

There is no controversy about the property having been subject to the execution, and properly levied upon, if it was not exempt under the act to exempt property from sale, &c. 2 R. S. p. 336. Whilst the execution was in the hands of the officer, and the property in the hands of *Myers*, as owner, such writ was a lien upon his personal property in the county, and he had the right to claim it as exempt. His sale of such property did not divest the lien. Did it divest him of his right to claim it as exempt from levy and sale? But, first, did he make the proper claim, if any was necessary, before he sold? These are the only questions in the case.

The statute in force is as follows: " That an amount of property not exceeding in value 300 dollars, owned by any resident householder, shall not be liable to sale on execution, or any other final process of a Court," &c. 2 R. S. p. 336, § 1. Sections 5, 6, 7, and 8 of the same act provide for the appraisement of the property to be exempted,

Nov. Term,
1857.

VANDIBUR
v.
LOVE.

and for the return of a schedule thereof with such execution, by the officer. The 9th section is as follows:

"If any execution-debtor shall claim property as exempted by virtue of this act, he shall elect whether he will claim personal, or real property, or both, and shall designate the property so claimed."

The remaining sections of the act prescribe the duties of the officer in appraising, setting apart and selling property. It is insisted by the appellant, that property is not exempt until a claim to that effect is made by the proper person; and that such claim cannot be made until after levy. On the other hand, it is contended that the exemption is for the benefit of the family, and where there is less than 300 dollars worth of property, such exemption is not dependent upon the formality of a claim. We are referred to *Mandlove* v. *Burton*, 1 Ind. R. 39. That was an action by an execution-defendant against an execution-plaintiff and the officer who had the writ, for property levied on. The property had been fradulently transferred after the rendition of judgment, and before the execution issued, and the defendant disclaimed title at the time of levy. After levy, he claimed it as exempt under the act exempting 125 dol-· lars' worth of property. The real question presented in the case was as to whether, under the circumstances, the execution-defendant could sue; but the following language is used by the Court: "The circumstance that 125 dollars' worth of this property, had it not been conveyed away, might have been retained by the grantor as exempt from execution, cannot, we think, alter the case. The possessor of such exempted property may, we suppose, sell it. If he do so, and it be subsequently levied on for his debt, the purchaser may probably reclaim it from under the execution, but we do not see where the seller could find title on which to rest a suit." It is argued that the authority above quoted establishes, first, the absolute exemption of the property without its having been specifically designated or set off, and, secondly, that the property in the hands of the purchaser was exempt in the same manner it would

have been in the hands of the execution-defendant. Whatever may be the effect of the language used, it is evident that it is only incidental to the main question referred to in the last sentence—the right of the seller to maintain an action. The statute then in force somewhat differs from our present exemption law. It is as follows: " That any householder of the state of *Indiana* may save, reserve, select or exempt from execution, personal property to the amount of 125 dollars." It is urged that that act did not as specially as the present statute, require the person in whose behalf the exemption was claimed, to be the *owner* of the property; and, therefore, if a purchaser of such property, under the former statute, could make the claim, that it cannot be done under this act.

We think that the facts and circumstances admitted to have existed in this case, show that the execution-plaintiff and the officer had notice of the intention of the execution-defendant to claim the benefit of the exemption law. The failure to act upon the execution from the 12th of *April* until the 14th of *August* was, to a certain extent, an acquiescence in the justness of such claim, and, together with the admitted fact that he did not during such time possess 300 dollars worth of property, gave such defendant the right, when the property was so levied upon, to perfect his claim for the benefit of his vendee.

*Per Curiam.*—The judgment is affirmed with 1 per cent. damages and costs.

*J. Gavin* and *J. R. Coverdill*, for the appellant (1).

*B. W. Wilson* and *O. B. Hord*, for the appellee (2).

(1) Counsel for the appellant cited the following authorities:

The execution-defendant had a right to sell the property, and his vendee took it subject to the lien of the execution. *Payne* v. *Drewe*, 4 East, 523.— *McCall* v. *Trevor*, and note, 4 Blackf. 496.

If a judgment-debtor transfer his property with intent to defraud his creditors, and when the officer comes to levy, disclaims ownership, he cannot afterwards claim his exemption: because the sale is a valid one between the vendor and the vendee, and the former has no interest in the property. *Mandlove* v. *Burton*, 1 Ind. R. 39.

(2) Counsel for the appellee cited two cases taken from a digest, which they did not rely upon, not having the books to verify them. They are as follows:

Where a sale is made by virtue of legal process, it is a forced sale. The

Nov. Term,
1857.

VANDIBUR
v.
LOVE.

Nov. Term,
1857.

COLLIER
v.
THE STATE.

homestead therefore, which the constitution exempts from "forced sale," can not be sold by legal process, not even if husband and wife have consented, in a deed of mortgage, that the same may be sold on the non-payment of the money due. It is an immunity conferred by the constitution, and can not be renounced. *Sampson* v. *Williamson,* 6 Texas R. 102.

The head of the family, if a married man, with the assent of his wife, may, in the form prescribed, make an absolute sale of the homestead. *Id.* 13 U. S. Dig. p. 319, §§ 65, 66.

Where the defendant in the execution has but one farm-horse, mule, or yoke of oxen, it is not necessary that he should select, or set apart such horse, mule, or yoke of oxen. When he has several he has the right of selection. *The State* v. *Hasgard,* 1 Humph. 390.

The defendant may waive the benefit of the act; the fact however will not be presumed, but must be proved by the officer indicted for violating the act. *Id.* 4 U. S. Dig. p. 753, §§ 390, 391.