ELTZROTH
v.
WEBSTER.
*Monday,*
*November* 26.

--- * ---

ELTZROTH *v.* WEBSTER.

15   21
146  594

*A.* recovered judgment, and sued out execution thereon, against *B.,* a resident householder of the county, who gave up certain property to the officer upon the writ, and executed a delivery bond therefor. Afterward, and before the day of sale, he claimed the property as exempt from execution, but the officer refused to set it apart to him, and sold it. Suit by *B.* to recover the property, on the ground that it was exempt from sale on execution.

*Held,* that the execution of the delivery bond did not estop *B.* from setting up his claim to have the property set apart to him, as exempt from execution, at any time before sale.

*Held,* also, that the giving up of the property to the officer on the writ, was not a waiver of his right afterward to claim it as exempt.

APPEAL from the *Grant* Circuit Court.

*Monday,*
*November* 26.

HANNA, J.—*Webster* recovered a judgment, and sued out an execution thereon, against *Eltzroth,* who gave up certain property to the officer upon the writ, and executed a delivery bond therefor. Afterward, and before the day of sale, he claimed the property as exempt from execution. The claim was refused by the officer, and the property sold; the execution plaintiff being the purchaser. *Eltzroth* was a resident householder. These facts, among others, were agreed to on the trial; and *Eltzroth* offered to prove that he

had not three hundred dollars worth of property, from the time of the recovery of the judgment to the day of sale. The evidence was excluded. *Eltzroth* brought this suit to recover the possession of the property, so sold. Verdict and judgment against him. The instructions of the Court were to the effect, that an execution defendant has the right to claim the benefit of the exemption law, at any time before the sale of property, unless he waives it; that giving up property on an execution, or executing a delivery bond therefor, after levy, estops the execution defendant from asserting such claim; and is also a waiver of that right. We are asked to determine whether this construction of the statute is correct.

In *The State* v. *Melogue*, 9 Ind. 196, it was strongly intimated, that the statute contemplated a levy before the execution defendant could avail himself of the benefits of the exemption law. It certainly was not the intention of the lawmakers, that after such levy—perhaps of all a man might possess for the comfort or sustenance of his family — he should be deprived of the opportunity to retain the possession of it, by the execution of a delivery bond, until the question of his right to have it exempt should be determined. We are, therefore, of opinion that the execution of such a bond would not estop him from setting up his claim at any time before sale. And, as the levy has to be ·made, we are not able to perceive any good reason why the fact that the property was given up, should be considered a waiver of the right to claim it as exempt from sale.

*Per Curiam.* — The judgment is reversed, with costs. Cause remanded, &c.

*A. Steele*, and *H. D. Thompson*, for appellant.

*Isaac Van Devanter*, and *James F. McDowell*, for appellee.