GODMAN
v.
SMITH.

GODMAN *v.* SMITH.

Where a debtor has claimed the benefit of the exemption law, and three hundred dollars' worth of property has been set off to him, it may afterward be sold by him, discharged from the lien of the execution.

Where a debtor has not three hundred dollars' worth of property, upon which an execution might attach, it being all personal property, it does not become subject to the lien of the execution.

*Friday,*
*November* 29.

APPEAL from the *Tippecanoe* Common Pleas.

PERKINS, J.—On *July* 25, 1860, an execution against the property of *Michael Alderson,* in favor of one, *Wade,* came into the hands of *Godman,* sheriff of *Tippecanoe* county. *Alderson,* at that time, had certain articles of personal property, one of which was a horse, but all of which were of less value than three hundred dollars. While the execution was in *Godman's* hands, *Alderson* sold the horse mentioned, to *Smith.* *Godman* then levied upon it, as being subject to execution, for *Alderson's* debts. *Smith* brought this action against the sheriff, to recover the horse, claiming that he was not subject to execution. The pleading in the cause below, was a complaint, in the usual form, with the proper oath, to recover the article of personal property. Answer, by the sheriff, that he took the property, as that of *Alderson,* by virtue of an execution, averring the property to have been subject to the lien of it. Reply, that *Alderson* had not, including the horse, at the time of the issuing of the execution, nor since, property of the value of three hundred dollars, and that he claimed it all as exempt from execution. A verified schedule of his property, with his claim of it, an exempt, &c., and a demand for its appraisement, &c., accompanied the reply.

On a demurrer to the reply, the Court gave judgment for the plaintiff.

The question in the case, is, whether the three hundred dollars' worth of property exempt from execution, in the hands of the debtor, is also exempt in the hands of a purchaser from the debtor. The Legislature has not attempted to restrict the right of the debtor himself, to sell his exempt

personal property. See *Slaughter* v. *Detiney*, 10 Ind. 103. Nov. Term, 1861.

GODMAN
v.
SMITH.
The Legislature has acted upon the assumption, that such right ought to exist; but, in this view, it would very much impair the value of the exemption provision, to hold that it was operative only while the specific articles of property remained in the possession of the debtor. It would destroy their merchantable value, to him; while their usefulness to his family might depend almost entirely upon that quality; and we are not able to perceive that serious inconvenience would result from continuing the exemption in the hands of a purchaser.

Let us look at it a moment, practically. *Prima facie*, the execution attaches to all the property owned by the debtor, at the date of its issue; but, by our statute, before the officer can levy, or at least, before he can sell, he must call personally upon the execution defendant, if he can be found in the county, and give him an opportunity to pay off the execution without a sale; or, if he can not do that, give him an opportunity to designate what property of his, that is subject to the execution, shall be sold to make the money.

Now, suppose he has plenty of property in his possession, over and above the three hundred dollars exempt, and over and above any that may have been sold; in this case, the officer could have no difficulty. He should take of such property, at all events, in preference to pursuing any that had been sold. Good faith to the purchaser would require this. Suppose, again, that the officer finds just three hundred dollars' worth in possession, independent of that which has been sold, and that no part of it was received in exchange for that sold; here, perhaps, it would be the duty of the defendant to designate a portion of that in possession, equal to the value of that sold, to be levied on by the officer; but if he did not, that sold would have to be included in the inventory of the debtor's property, in determining whether there was any subject to execution, and if no other alternative was presented, might be taken by the officer.

Suppose again, the officer finds that the defendant has just three hundred dollars' worth, including that sold; here, certainly, it should all be exempt. Or, suppose he finds just

three hundred dollars' worth without that sold, but finds that a portion of it was derived from that sold, being of equal value with it; here, it would seem that that sold should be exempt.

There seems to be no difficulty in carrying out the exemption, and it works no wrong, but renders the exemption more valuable to the debtor. We are disposed to affirm the judgment.

We may remark, that it might have been wiser had the Legislature made the power of the husband to sell, dependent upon the consent of the wife, as a preventive to spendthrift waste.

On the whole, in this case, we decide this, and nothing more : that after the three hundred dollars' worth has been actually set off, it may be sold, discharged of the lien of the execution; and where a debtor has not three hundred dollars' worth of property, upon which the execution might attach, it being all personal property, it does not become subject to the lien of the execution.

*Per Curiam.*—The judgment is affirmed, with costs.

*W. C. Wilson* and *D. Mace*, for the appellant.

*Vinton* and *Miller*, for the appellee.