Sullivan *v.* Winslow.

———❖———

## SULLIVAN *v.* WINSLOW.

EXEMPTION OF PROPERTY—STATUTES CONSTRUED.—Section 3, 2 G. & H. p. 370, does not operate as an absolute exemption of 300 dollars' worth of property in favor of the debtor, without any acts on his part, but only relates to such real estate as had been duly exempted under the other provisions of the exemption law, before the execution of the sale or mortgage of the same by the husband without the consent of his wife.

APPEAL from the *Wayne* Common Pleas.

HANNA, J.—Suit on notes and to foreclose a mortgage. Answer setting up, among other matters, that at the time of the execution of said mortgage, said mortgagor was, and yet is, a resident householder of said State, the head of a family, with a wife living, and that she did not join in said mortgage; that he had no other real estate but that upon which he then resided, and yet occupies, being the same so mortgaged; that all the property, real and personal, which he then owned and now owns, including that mortgaged, was not, nor is it now, of the value of 300 dollars, &c. A list or schedule of the property, with the alleged value annexed, was filed with said answer, and defendant asked that the same might be exempt from execution, &c.

A demurrer was sustained to this paragraph of the answer.

Sullivan *v.* Winslow.

Trial. Judgment for plaintiff on the notes, and foreclosure decreed and order of sale.

The point presented for our consideration arises upon the ruling on the demurrer.

In the exemption act it is provided that:

"No mortgage or sale of any real estate exempted under the provisions of this act, shall be valid if executed by a married man, unless the deed be acknowledged by the wife in due form of law." 2 R. S. 337, or 2 G. & H. 370.

It is assumed in argument that, under this section, the mortgage is invalid, the mortgagor not having over 300 dollars' worth of property. On the other hand, it is insisted that said section has reference to such property only as has been set apart, exempt, at the request of an execution defendant, and in conformity to the provisions of said act, and does not affect property until after the same has been so selected and exempted.

It was held by this Court in *The State* v. *Melogue,* 9 Ind. 196, that the exemption is a personal right which the debtor may waive or claim, at his election. So in *Eltzroth* v. *Webster,* 15 Ind. 21, it is, in effect, held that a levy has to be made before the claim, under the statute, can be perfected, in that respect following the intimation in 9 Ind., *supra.*

The Constitution declares that: "The privileges of the debtor to enjoy the necessary comforts of life, shall be recognized by wholesome laws, exempting a reasonable amount of property from seizure or sale," &c., Art. 1., Sec. 22. Whether, under this provision, the legislature might enact a law absolutely exempting certain enumerated articles of property, or property of a certain value, to be selected by the defendant, and if not, then by some officer or person named in the act, is a question not before us, unless we should hold that the acts passed, in pursuance of said provision, do in fact thus absolutely exempt 300 dollars' worth of property of the

debtor. As before stated, it was held in the case cited from 9 Ind., that the exemption, under this act, was a personal privilege which might be waived; this might be done, we suppose, by failing to select as required by the 9th section of the original act of 1852; or by failing to furnish the officer with the inventory, &c., as required by the supplemental act of 1859. 2 G. & H. 367. The first section of the act of 1852 appears to reserve, from sale or execution, 300 dollars in value of the property of the debtor, but the very next section provides that it may be either real or personal, as the debtor may elect; the next section is the one relied upon in this case; the 5th, 6th, 7th, and 8th sections then provide for the manner of choosing appraisers, and for the appraisement of the property to be exempted. The 9th section is that: "If any execution debtor shall claim property as exempt by virtue of this act, he shall elect whether he will claim personal or real property, or both, and shall designate the property so claimed." This very clearly indicates that the legislation thus being had, for the benefit of the debtor, was such as he might avail himself of or not, at his pleasure. So this Court heretofore held.

But, if any doubt had existed in reference to that point, it appears to us the legislature, by supplemental enactment, so far as they could, dispelled the same; for it is expressly declared that, "until such inventory and affidavit shall be furnished to such officer, he shall not set apart any property to the execution defendant as exempt from execution." This is said in reference to a sworn schedule of the property of the debtor to be furnished by him.

But in no part of the act of 1852, or of supplemental or amendatory acts thereof, is there any provision pointing out the particular kind of property, or the manner in which it shall be selected and set apart to a mere passive debtor, who may refuse or fail to elect as to the property he will retain. Thus far, then, the legislative enactments under this provis-

ion of the Constitution do not come up to the ideas of the appellants in this case, as advanced in argument, as to the intention of the framers of this humane section of the fundamental law. We do not say but that this part of the argument may be correct, but that the law-makers have not acted in accordance with that view.

Then as the statute does not, of itself, exempt the property of the debtor without the performance of certain designated acts upon his part, or in his behalf; and as it has been held that these acts can not take place until the writ of execution is in the hands of the proper officer, perhaps levied; it would seem to follow that the facts set up in the paragraph of the answer are not sufficient. In other words, that the section of the statute relied on has reference to property that has been exempted by law, after the proper election of the party.

But, it is said, that if the facts here pleaded can not be set up in answer to the action, the debtor may lose the benefit of them, because it has been already held that a mortgagor can not, after the mortgaged property has been ordered to be sold on foreclosure, claim the property as exempt from such sale. *Slaughter et al.* v. *Detiny,* 15 Ind. 49. The decision in the case referred to, is based upon the ground that the judgment, by which the sale of the specific property is ordered, concludes the question of exemption as to such property.

It is true, then, that under this decision, his claim for exemption, as to the property mortgaged, can not be preferred by the debtor after the foreclosure and order of sale shall have been rendered; and if it is equally true that, under the statute and other decisions quoted, his answer is not sufficient, it would seem to follow that he may be stripped of the property so mortgaged, although he may have no other left. But why is this; because the statute is defective, or the debtor, by his voluntary act, in mortgaging his property, deprived himself of the benefits thereof, waived it? It mat-

ters not upon which ground the objection to the answer is placed. It is surely defective.

*Per Curiam.*—The judgment is affirmed, with 3 per cent. damages, and costs.

*M. Wilson, George A. Johnson,* and *Lafe Develin,* for the appellant.

*J. B. Julian* for the appellee.