———◆◇◆———

EXECUTION.—*Exemption.*—When an execution defendant has once made his schedule and had the three hundred dollars worth of property exempt from execution appraised and set off to him, he is required, when a subsequent execu-

tion issues against him, to again make out his schedule and have his property appraised, to entitle him to its exemption.

SAME.—*Householder.*—When an execution defendant ceases to be a resident householder of this State, his right to exempt any of his property from execution ceases, and property that may have been set off to him as exempt while such resident householder may be seized and sold on execution.

From the Harrison Circuit Court.

*T. C. Slaughter, H. Jordan, J. W. Nichol,* and *L. Jordan,* for appellants.

DOWNEY, C. J.—This was an action by the appellee against the appellants, Finley and Wright, for the recovery of the possession of a sorrel mare, of which, it is alleged, the plaintiff was the owner and entitled to the possession.

A second paragraph charged a wrongful taking of the mare. One Konsler was also a defendant, but as to him the action was dismissed. The other defendants pleaded the general denial jointly, and in separate and further paragraphs, they set up the recovery of a judgment by Finley against Sly before a justice of the peace, the issuing of an execution thereon by the justice to Konsler as constable, the levy on the mare, and the sale of her to Wright, one of the defendants. Reply: 1st. A general denial. The reply to the second paragraph of the answer of Konsler was numbered two and need not be further noticed. 3d. To the second paragraph of the answer of Finley and Wright, it was alleged that there had been a prior execution issued on the judgment, which was levied on the same mare; that the plaintiff was then a resident householder, etc., owned no real estate, and whose personal property was of less value than three hundred dollars; that he made out and verified a schedule of his property including the said mare, which property was duly appraised, etc., and set apart by the constable as exempt from execution. 4th. The fourth paragraph of the reply is similar to the third, except that it alleges that, at the date of the issuing of the last execution and the sale of the said mare, as well as at the making of the schedule, the plaintiff was a resident householder of the county, etc.

The defendants demurred separately to the third and fourth paragraphs of the reply, on the ground that the same did not state facts sufficient to constitute a reply. These demurrers were overruled, and the defendants excepted. This ruling of the court is the first alleged error.

The overruling of the demurrer to the third paragraph of the reply presents two questions, while the overruling of the demurrer to the fourth paragraph presents one of the same questions. The first question is this, when an execution defendant has once made his schedule and had the exempted property appraised and set off to him, is he required, when a subsequent execution issues against him on the same judgment, again to make out his schedule and have his property appraised, to entitle him to its exemption?

The other question is this, when an execution defendant has had property regularly set off to him as exempt, and he afterward becomes a non-resident of the State, ceases to be a resident householder, according to 2 G. & H. 368, sec. 1, can he, on the issuing of another execution, still claim the property as exempt, which was before set off to him?

The first of these questions should, we think, be answered in the affirmative. The statute contains no express declaration on this subject. It may be important to the execution defendant as well as to the execution plaintiff, that the execution defendant shall have the right, and shall be required, to make his schedule and claim his exemption upon each execution. It has been held that the execution defendant may sell exempted property, and the purchaser will take it free from execution. *Vandibur* v. *Love*, 10 Ind. 54. If he may sell it, he can, we presume, exchange it. It is not contemplated by the statute that the execution defendant shall always retain the precise property exempted. It may die, be destroyed, or depreciate in value, or it may increase in value. After the exemption, the defendant may acquire additional property, which may be subject to execution. If the defendant is not required to make a new schedule, then neither should he have the privilege of doing so. The statute pro-

vides, that "until such inventory and affidavit shall be furnished to such officer, he shall not set apart any property to the execution defendant as exempt from execution." Act 1861, 2 G. & H. 367, note. We hold that this should be construed as applying to each execution issued on a judgment, and that an exemption of property on one execution does not, except at the option of the execution plaintiff, dispense with an inventory and affidavit, etc., when another execution shall be issued.

As to the second question, we are clear that when the execution defendant ceases to be a resident householder, as he is required to be according to the statute, in order to be entitled to the exemption, he ceases to be entitled to the benefit of the statute.

The third paragraph of the reply was bad, therefore, because it did not allege that the plaintiff was a resident householder and had made his inventory and affidavit, and claimed the mare as exempt from the execution on which she was sold; and the fourth paragraph of the reply was bad, because it did not allege the making of the required inventory and affidavit, and claim for exemption from the execution on which the mare was sold.

The sufficiency of the evidence to justify the finding of the court was brought in question upon a motion by the defendants for a new trial, and that question is presented here by an assignment as error of the overruling of that motion. It appears to us that the court should have found from the evidence, that the plaintiff was not a resident householder at the time of the levy of the execution upon the mare and the sale of her. We think the evidence shows that the plaintiff was then, and before that time, a resident of the State of Kentucky.

The judgment is reversed, with costs, and the cause remanded, for further proceedings in accordance with this opinion.