## McCrisaken v. Osweiler et al.

EXECUTION.—*Repair by Mechanic, of Chattel subject to Levy.—Priority of Lien.—Replevin.—Notice.*—If a chattel, which is subject to the lien of an execution on a judgment against the owner, be left by the execution debtor with a mechanic for repairs, the latter takes the same subject to such lien and to the right of the officer to levy thereon, though he make the repairs without knowledge of the execution.

From the Knox Circuit Court.

*H. S. Cauthorn* and *J. M. Boyle,* for appellant.

HOWK, J.—This was a suit by the appellant, against the appellees, to recover the possession of a certain spring wagon, of the value of twenty-five dollars, and damages for the alleged unlawful detention thereof. In his com-

plaint the appellant alleged, in substance, that he was the owner, for special purposes, and entitled to the possession of said spring wagon, of the value aforesaid; and that the appellees had possession thereof without right, and unlawfully detained the same from the appellant, in Knox county, Indiana. Wherefore, etc.

The cause was tried by the court, and a finding was made for the appellees, assessing the value of the property, taken by virtue of the writ of replevin issued herein and delivered to the appellant, at twenty-five dollars; and judgment was rendered accordingly. The appellant's motion for a new trial was overruled by the court, and to this ruling he excepted and filed his bill of exceptions.

The only error assigned by the appellant, in this court, is the decision of the circuit court in overruling his motion for a new trial; and the only causes for such new trial, assigned by him in his motion therefor, were, that the finding of the court was not sustained by sufficient evidence, and that it was contrary to law.

The evidence is properly in the record; and, as it is short, we will set it out in this opinion, as follows:

"The wagon in controversy is the property of one William McClure, and is worth $25.00, and has belonged to McClure for one year last past. McClure is, and for one year last past has been, a resident of Vincennes township, Knox county, Indiana; and, for one year last past, the wagon has been, and now is, in said township, March 19th, 1877. Defendant Osweiler obtained a judgment against said McClure, before a justice of the peace in and for said township, on the 7th day of November, 1877, for $10.60, and execution issued on that judgment to the defendant Montgomery, a constable of said township, and said writ has been in his hands ever since said November 7th, 1877. On the 10th day of January, 1878, McClure took the wagon to the blacksmith shop of McCrisaken, the plaintiff,

who was at the time a blacksmith and wagon-maker, and, at the instance and request of McClure, McCrisaken placed certain repairs and work on the wagon; after that date and before the bringing of this suit, Montgomery levied on the wagon by virtue of said execution, and he, Montgomery, claims possession of the same, by virtue of said writ. Said judgment is unpaid and unsatisfied, amounting to $——. McCrisaken has not been paid for said repairs and work, amounting to the sum of nineteen dollars, and he claims possession of said wagon by virtue of a lien for said repairs and work, which said work was done without knowledge of said execution. It is admitted that McClure would be entitled to the possession of the wagon, if the liens above mentioned did not exist. The levy was made while the wagon was yet in the possession of McCrisaken, and proper demand was made of the defendants to give possession of said wagon, before the commencement of this suit by plaintiff, and they refused to comply."

This was all the evidence given in the cause, and upon this evidence the court made its finding for the appellees, the defendants below.

It seems to us that the finding of the court was fully sustained by the evidence, and that it was not contrary to law. In section 78 of the act of June 9th, 1852, in relation to the courts of justices of the peace, it is made the duty of a constable, to whom an execution has been issued upon the judgment of a justice, to " endorse on such execution the day and hour when it came to his hands; " and the section then provides, that, from that time, the execution " shall operate as a lien on the property of the judgment debtor, liable to be seized on it; which lien shall be divested in favor of any other writ in the hands of another officer, which shall be first levied on such property." 2 R. S. 1876, p. 631.

Applying these statutory provisions to the evidence in the record in the case at bar, it will be readily seen, we think, that the execution in the hands of the appellee Montgomery, as constable, became a lien upon the wagon in controversy, on the 7th day of November, 1877, while the mechanic's lien of the appellant did not attach to said wagon before the 10th day of January, 1878. It is clear, therefore, that the appellant's lien upon the wagon in question was junior to the lien of the execution in the hands of the appellee Montgomery, as constable; and, under the provisions above quoted of said section 78, the execution lien could only be divested in favor of some other writ, in the hands of some other officer, which writ should be first levied on said wagon. It was not shown by the evidence, nor is it now claimed, in this case, that the appellant had a lien upon the wagon sued for, by virtue of any writ in his hands as an officer, or upon any other ground except that, as a mechanic, at the instance and request of the owner of said wagon, he had placed thereon certain repairs and work, to the amount of nineteen dollars, for which he had acquired such a lien. It is certain, therefore, that the appellant's lien did not divest the prior lien of the execution in the hands of the appellee Montgomery, as constable, upon the wagon in controversy, and would not enable him to sue for and recover the said wagon from the possession of said appellee.

We are of the opinion, therefore, that the court did not err in overruling the appellant's motion for a new trial of this cause.

The judgment is affirmed, at the appellant's costs.