No. 9340.

## BOESKER ET AL. *v.* PICKETT.

EXECUTION.—*Exemption.*—*Diligence.*—Exemption of property from sale on execution is a right to be asserted at the time and in the manner provided by law, and by a person showing himself within the statute creating it, or it is lost.

SAME.—*Action for Possession.*—*Evidence.*—In an action against an officer for property claimed as exempt, evidence that a schedule containing a description of the property was presented to him and a demand made to set it apart, and his return showing its seizure, make a *prima facie* case.

SAME.—*Offering Different Schedules.*—Whether one claiming exemption has offered schedules not containing the property claimed in the last, is a question of fact for the court or jury trying the issue, and at most he has the burden of explaining his acts.

SAME.—*Sale and Rescission.*—*Fraud.*—*Supreme Court.*—That property claimed as exempt has been sold and regained by a rescission, does not deprive the owner of his privilege, and where the sale is found by the trial court to have been without fraud and rescinded, the Supreme Court can not say that its finding was not fully supported by the evidence.

PLEADING.—*Specific Allegations of Title Control.*—Where a pleading contains both general and specific allegations of title, the specific control, and, if they show no title, they will not be aided on demurrer by the general allegations and the conclusion.

SAME.—*Value.*—An allegation, that "Said property does not exceed in value the sum of $600," sufficiently shows the value of the property claimed as exempt.

From the Wayne Circuit Court.

*C. B. Walker* and *J. E. Graham,* for appellants.

*W. A. Peelle* and *D. W. Comstock,* for appellee.

ELLIOTT, J.—The appellee sought and obtained a judgment for personal property claimed by him to be exempt from execution.

The questions first presented are those arising upon the ruling on the appellants' demurrer to the complaint.

It is said that, as to one of the appellants, the complaint does not even profess to state a cause of action, and does no more than name him as one of the defendants.

Treating the demurrer as a separate one, and not as joint,

although it is doubtful whether this can be properly done, we shall dispose of the question argued. The allegation is that the defendants wrongfully have possession of the appellee's property, and that the " defendants " refused to have the property appraised and set apart to the plaintiff. The use of the plural noun " defendants " applies the cause of action stated not to some, but to all, of the defendants. Where a complaint names several defendants and charges them all with having unlawful possession of the plaintiff's property, it can not be justly said that it alleges a cause of action against part of them only. The demurrer admits the alleged wrongful seizure and detention to be by all, and not by a part, of the defendants.

It may be that there is some uncertainty in the allegations of the complaint as to the appellant Seaman, but, if so, the remedy is not by demurrer, but by motion. It is seldom that uncertainty is cause of demurrer.

The real question upon the complaint is whether it states a cause of action against any of the appellants.

Where a complaint contains a general allegation of title, followed by a specific statement of the facts constituting title, the latter must control. If the specific statement shows that the plaintiff has in fact no title, the general allegation is broken down. If the rule were otherwise, it might often happen that the pleader's conclusion that he possessed title would prevail, although the facts showed him to have none. *Reynolds* v. *Copeland,* 71 Ind. 422; *Heavilon* v. *Farmers Bank, etc., ante,* p. 249.

Whether the appellee's complaint shows title to the property claimed, depends upon the facts stated as constituting it, and whether the facts show title depends upon whether they show a right to have the property claimed exempted from seizure upon execution. The right to exempt property must be asserted at the time and in the manner provided by law. It is a privilege which the debtor may lose by a failure to pursue the course prescribed by the statute which bestows the right. *The State, ex rel.,* v. *Melogue,* 9 Ind. 196; *Zielke* v.

*Morgan,* 50 Wis. 560; *Russell* v. *Lennon,* 39 Wis. 570; *Pond* v. *Kimball,* 101 Mass. 105. The person who asserts the right must show himself to be within the statute creating the exemption.

The contention of appellants is that the complaint fails to allege that the appellee's inventories, tendered to the officers holding the writs, contained all the property of which he was the owner. The position rests upon a mistaken view of the complaint. It does allege that the schedules contained a full and true exhibit of all the property of which he was the owner, or in which he had any interest. It appears, also, that the value of the property claimed as exempt did not exceed $600, the amount allowed by law. The appellants are also in error in supposing that the complaint does not state the value of the property. It is alleged, somewhat awkwardly it is true, "said property does not exceed in value the sum of $600." The allegation, detached though it is, and not very well placed in the pleading, is still sufficient to show the value of the property claimed.

It is said that there is no evidence at all justifying a finding against the appellant Seaman. We think otherwise. It appears that he levied an execution upon the personal property, that a schedule was presented to him, and a demand made to set apart the property. The return shows the seizure of the property, and this was sufficient evidence against Seaman, who, it appears, was the officer into whose hands the writ came. The return of an officer is sufficient evidence of seizure, to make at least a *prima facie* case. We need not enquire as to its conclusiveness.

It was proved that sometime before the last schedules were presented, the debtor had offered others in which the property involved in this action was not described. The fact, that the appellee presented schedules different from those now relied on, does not preclude him from securing his just exemption. The fact was one for the consideration of the court trying the cause, and should have its due weight upon the question

of the good faith of the party, and of the validity of his claim to the property, but we do not regard it as concluding him from afterwards presenting correct schedules. The debtor should not be held conclusively estopped, but the fact should be deemed of sufficient materiality to cast upon him the burden of satisfactorily explaining his acts. Whether the explanation is or is not a reasonable one, is a question of fact to be determined by the court or jury by whom the case is tried.

It appears from the evidence that on the 28th day of January, 1880, appellee sold the property in controversy; that sometime afterwards, and before the delivery of the last schedules, the sale was rescinded. It is asserted by the appellants that the appellee can not claim the property as exempt. We are unable to perceive any reason upon which this position can rest. The appellee was entitled to the exemption provided by the statute, and this right was not defeated by the fact that he had once sold the property, and afterwards regained it by a rescission of the sale. If the property was actually owned by him, and was within the amount allowed by law, he was entitled to claim it as exempt, although he had once sold it, and had a second time become its owner, by rescinding the contract of sale.

It is argued that the sale was a fraudulent one, made for the purpose of cheating creditors, and that, therefore, the appellee has lost his right to exempt the property. The court, however, found that the sale was not a fraudulent one, and that the contract had been rescinded. Fraud is purely a question of fact, and we can not disturb the finding upon it, unless the finding is clearly contrary to the evidence. *Holman* v. *Martin*, 12 Ind. 553. We can not, in the present case, interfere with the finding of the court, for there is evidence fully supporting it.

Judgment affirmed.