Barnard *et al. v.* Brown *et al.*

Filed Oct. 12, 1887.

———◆———

No. 12,947.

BARNARD ET AL. *v.* BROWN ET AL.

EXECUTION.—*Exemption.*—*Property Exempt Unaffected by Execution Lien.*— Property exempt from execution is unaffected by execution liens, and may be sold or exchanged while writs of execution are in the hands of the proper officer.

SAME.—*Sale of Real Estate Exempt.*—*Rights of Grantee.*—*Judgment.*—*Action.* —*Demand.*—Where one who has a right to the benefit·of the exemption law owns property, real and personal, the aggregate value of which is less than $600, and sells the real estate, there being at the time judgments against him, which are liens on such real estate, he and his grantee may maintain a joint action to have the latter's title to such real estate quieted and freed from the apparent lien and encumbrance of such judgments, and the property of the former, owned at the time

of such conveyance, set off to him as exempt from execution, and no demand is necessary to the maintenance of such action.

From the Elkhart Circuit Court.

*D. Zook, A. S. Zook* and *J. M. Vanfleet,* for appellants.
*H. D. Wilson* and *S. J. North,* for appellees.

NIBLACK, J.—Complaint by Edward P. Brown and David Ullery against James Barnard, Bennett Lyman, James Sims, John S. Gould, Charles Fleetwood, George H. Wells, Meyer M. Jacobs, Lewis Heilbrenner, William D. Messenger, William Shearer and Samuel J. Shearer, to have certain apparent liens on real estate cancelled and discharged.

As causes of complaint it was alleged that, on the 17th day of November, 1883, the defendants James Barnard and Bennett Lyman recovered a judgment against the plaintiff Brown, before a justice of the peace of Elkhart county, for the sum of $9.10 and costs of suit, taxed at $5.91; that, on the 15th day of January, 1884, a duly certified transcript of said judgment was filed and properly recorded in the office of the clerk of the Elkhart Circuit Court; that, on the 26th day of November, 1883, the defendant Sims also recovered judgment before the same justice of the peace for the sum of $73.73 and costs of suit, taxed at $5.76; that, on the 15th day of January, 1884, a certified transcript of that judgment was also filed and recorded in the office of the said clerk of the Elkhart Circuit Court; that, on the 29th day of January, 1884, the defendants Gould, Fleetwood and Wells likewise recovered a judgment before the same justice against the plaintiff Brown for the sum of $68.95, a transcript of which said judgment was likewise filed and recorded in the same clerk's office on the 6th day of February, 1884; that, on the 31st day of January, 1884, the defendant Messenger recovered a judgment against the plaintiff Brown before the same justice, for a sum of money not specifically named, a transcript of which judgment was in like manner filed and recorded in the same clerk's office; that, on said 31st day of

January, 1884, the defendants Jacobs and Heilbrenner also recovered a judgment against the plaintiff Brown before the same justice, for the sum of $32.45, a transcript of which judgment was, also, on the 6th day of February, 1884, filed and recorded in the same clerk's office; that, on the aforesaid 31st day of January, 1884, the defendants Shearer and Shearer likewise recovered a judgment before the same justice against the plaintiff Brown for $41.82, a transcript of which was likewise filed and recorded in the same clerk's office on said 6th day of February, 1884; that at and prior to the times of filing the several transcripts of said judgments, respectively, the plaintiff Brown was the owner of a certain lot in the town of Nappanee, in said county of Elkhart, on which there existed two mortgages, amounting to the aggregate sum of $470; that said Brown at the time owned personal property of the value of $223; that said lot, when valued subject to said mortgages, and said personal property together amounted to less than $600; that said Brown, being unable to take up and discharge said mortgages, and being desirous of saving the loss and expense of a foreclosure and sale under the same, sold said lot to his co-plaintiff, Ullery, on the 13th day of February, 1884, for the sum of $800, and that, on that day, together with his wife, conveyed the same by warranty deed to him, the said Ullery; that out of, and as a part of, said purchase-money the said Ullery was to, and did, pay off said mortgages; that for the remainder of said purchase-money—that is to say, for the sum of $315— he executed his promissory note to the said Brown; that the said Brown was then, and for the preceding four years had been, a *bona fide* resident and householder of Elkhart county, and was then, as well as at the time said judgments were rendered against him, entitled to have an amount of property not exceeding in value the sum of $600 as exempt from execution; that, on the 20th day of November, 1883, the defendants Barnard and Lyman caused an execution to be issued on the judgment obtained by them, as above stated,

and that on the 22d day of said month of November the said Brown filed a schedule of his property with the constable holding said execution, and asked to have the property therein described set off to him as exempt from sale on such execution; that, on the 6th day of December, 1883, the defendant Sims procured an execution to be issued on the judgment obtained by him, and caused the same to be delivered to a constable for service, and that, on the 29th day of said month of December, the said Brown filed with the constable a schedule of his property, both real and personal, and asked that said property be set off to him as exempt from such execution.

Copies of both of said schedules were filed with, and made a part of, the complaint.

A schedule purporting to contain a list of all the property owned by Brown at the time of the commencement of this suit, was also filed with, and made a part of, the complaint. But there was no averment as to the total value of the property described in any one of the schedules.

As a conclusion, the complaint demanded that the property described in the last named schedule should be ordered to be set apart to Brown as exempt from execution; that the liens seemingly created by the filing and recording of the transcripts of judgments, as herein set forth, upon the lot so sold by Brown to Ullery, be decreed to be cancelled, and inoperative and void as against said lot; that Ullery's title should be quieted, and that the plaintiffs might have all other proper relief.

The defendants demurred severally to the complaint, upon the ground that the facts alleged by it were insufficient to constitute a cause of action against any one of them, but their demurrer was overruled as to all. They then answered in denial, and the court, after hearing the evidence, came to the conclusion that all the material facts alleged in the complaint were true; that Brown was entitled to have all the property owned by him at the time he conveyed the lot in

question exempted from execution; that Ullery was entitled to hold the lot in controversy free from any encumbrances by reason of the matters stated in the complaint, and decreed accordingly.

Error is assigned only upon the overruling of the demurrer to the complaint.

The objections to the complaint are:

*First.* That it did not aver the value of Brown's real estate at any time.

*Second.* That it did not allege that Brown had no other real estate besides the lot sold to Ullery.

*Third.* That it did not show that Brown had no other real estate at the time the transcripts were filed.

*Fourth.* That it did not allege that the defendants had ever issued executions on their judgments, or that they had ever attempted or threatened to enforce their judgments against the lot in question, or that they even knew of the existence of the lot.

*Fifth.* That it did not state the value of Brown's personal property at the time of filing the complaint.

*Sixth.* That it did not assert a demand and a refusal by the defendants to relinquish all claim against the lot conveyed to Ullery.

This proceeding was, in some of its features, a novel one, but it was undoubtedly within the power of the circuit court to grant the relief demanded if the facts relied on were sufficiently well pleaded to justify it in doing so. If the object sought had been simply to have an amount of property, not exceeding in value the sum of $600, set off to Brown as exempt from execution, it might have been well objected that another and a different method of proceeding had been expressly provided, and one to which Ullery was not a proper party; but the purpose had in view in this case was much more comprehensive in its scope. Its claim for relief rested upon equitable principles recognized, but not declared, by statute.

The chief and controlling purpose was to have Ullery's title to the lot described quieted, upon the alleged ground that it was, under the circumstances, equitably exempt from execution on all the judgments set forth in the complaint.

The circuit court might, with propriety, have required the complaint to be made more certain and specific in some respects; but we regard it as fairly inferable from the averments of that pleading that, for the three months immediately preceding the conveyance of the lot to Ullery, Brown was the owner only of the lot and of $223 worth of personal property, and that both did not exceed in value the net sum of $600, and that this condition of things existed at the time of the conveyance.

Conceding this condition of things to have existed at that time, and for near three months previously, as we construe the complaint to have substantially averred, the recording of the judgments in the clerk's office did not create any lien upon the lot.

Property exempt from execution is unaffected by execution liens, and may be sold or exchanged even while writs of execution are in the hands of the proper officer. Freeman Executions, section 197; *Godman* v. *Smith,* 17 Ind. 152; *Taylor* v. *Duesterberg,* 109 Ind. 165.

The material inquiry, therefore, as to the value of Brown's property had relation to the time of the conveyance, and not to the time of the commencement of this suit.

For these reasons the averments as to the issuance of executions on some of the judgments, and as to the filing of certain schedules of his property by Brown, were immaterial to the essential matter of inquiry concerning the value of Brown's property.

No demand was necessary to the maintenance of this action. The appellants had filed transcripts in the clerk's office, and had thus placed themselves in a position to proceed against Brown's real estate whenever they might choose to do so.

This constituted an element of disturbance to Brown, and a cloud upon Ullery's title, sufficient to justify a resort to legal proceedings for the relief prayed for.

The circuit court did not, as we believe, err in overruling the several demurrers to the complaint.

The judgment is affirmed, with costs. .

Filed Oct. 12, 1887.