## MOSS ET AL. *v.* JENKINS ET AL.

[No. 18,021. Filed January 14, 1897.]

QUIETING TITLE.—*Lands Exempt From Sale on Execution.—When Action Must be Commenced.*—A purchaser of real estate which the vendor could have claimed as exempt from sale on execution, may maintain an action to quiet the title to such real estate if the same is commenced before the sheriff's sale.   *p. 592.*

EXEMPTION OF HOUSEHOLDER.—*May be Waived.—Statutes Construed.* —Under section 715, Burns' R. S. 1894, providing that property not exceeding $600 in value, owned by a resident householder shall be exempt from sale on execution, construed with sections 725 and 726, Burns' R. S. 1894, providing that before a debtor shall receive the benefit of the exemption he shall make out and deliver to the officer holding the execution a schedule of all his property, the rights of exemption granted to the debtor is a personal privilege which he may waive or claim at his election, and a failure to claim the exemption before sale is a waiver of such right.  *p. 593.*

SAME.—*Judgment, or Execution in the Hands of an Officer a Lien Unless Debtor Claims Exemption.*—The fact that the value of the property of a judgment debtor is less than $600 does not relieve such property from the lien of the judgment, or an execution in the hands of an officer.  *pp. 594–596.*

SAME.—*Action Against Officer for Selling Property Exempt from Execution.—Defense.*—An officer who is sued for a failure to levy an

Moss *et al. v.* Jenkins *et al.*

execution issued on a judgment upon contract may defend on the ground that the debtor was a resident householder and his property did not exceed in value the amount allowed by law as exempt from execution, the presumption being that the debtor would have claimed his exemption before sale; but if the officer makes the levy he is not liable therefor to the execution debtor unless such debtor regularly claims his exemption before the sale is made    *p. 597.*

SAME.—*Property Set Off by Officer to Householder is Free From Lien.* —After property has been set off by the sheriff, under the exemption law provided by statute, as exempt from sale on execution, it may be sold by the debtor free from the lien of the execution and judgment.    *p. 597.*

From the Hamilton Circuit Court. *Reversed.*

*Roberts & Vestal,* for appellants.

*Christian & Christian,* for appellees.

MONKS, J.—Appellees brought this action against appellants to quiet their title to certain real estate. The cause was tried by the court, and upon request of the parties a special finding of facts was made and conclusions of law stated thereon, to each of which appellants severally excepted. Judgment was rendered in favor of appellees, quieting their title to the real estate in controversy.

Appellants assign as error that the court below erred in each of its conclusions of law.

It appears, from the special finding, that one Vestal recovered a judgment on contract against Alexander Castor before a justice of the peace. Afterwards an execution was issued on said judgment and returned by a constable indorsed "no property found." That afterwards, on the 25th day of May, 1889, a transcript of said judgment, including said constable's return, was filed in the office of the clerk of the Hamilton Circuit Court, and was duly recorded in the proper order-book and docketed in the proper judgment docket of said court. Afterwards, on June 13, 1895, the proper

steps were taken and an execution was issued on said judgment to the sheriff of said Hamilton county. The sheriff demanded property of said Castor whereon to levy said execution, but he did not deliver or point out any property for the sheriff to levy upon. Afterwards the sheriff levied said execution upon the property in controversy, and after taking proper steps by giving notice, etc., sold the same to appellant, Moss, for the amount of said judgment, interest and cost, and delivered to said appellant a sheriff's certificate therefor; that at said time appellant, Moss, had no knowledge of the amount of property which Castor, the judgment debtor, then owned, or the amount he had owned at any time since the rendition of said judgment; that said Castor, nor any one in his behalf, had ever filed a schedule claiming said real estate nor any property as exempt from either of the executions issued on said judgment. That said Castor was the owner of the real estate in controversy on and before the 15th day of August, 1889; that on said day he sold and conveyed said real estate to one William H. Craig, who paid full value therefor, and that said Craig sold and conveyed said real estate to appellees on October 29, 1890, who paid full value therefor; that each of said deeds was properly recorded within forty-five days after they were executed; that when said judgment was rendered, and at all times since, said Castor has been a resident householder of Hamilton county, Indiana; that on the day said judgment was rendered and ever since said Castor has not owned, possessed or acquired property of the value of $600.00, including the property in controversy.

Appellants insist that as Castor and no one in his behalf claimed the property in controversy as exempt from execution before sale that the sale was valid.

Appellees claim that as Castor had less than

$600.00 worth of property neither the judgment nor execution was a lien on the property, and the same was exempt and no duty rested on Castor, or any one else, to claim said property as exempt before said sale, and such sale was invalid.

This court has held that the purchaser of real estate in a case like this may maintain an action to quiet the title to such real estate if the same is commenced before the sheriff's sale. *King* v. *Easton*, 135 Ind. 353; *Dumbould* v. *Rowley*, 113 Ind. 353; *Barnard* v. *Brown*, 112 Ind. 53.

We have not been cited to any case, nor do we know of any in this State, where it has been held that such action can be maintained if brought after the sheriff's sale.

Section 22 of the bill of rights in the constitution, being section 67, Burns' R. S. 1894 (67, R. S. 1881), provides that "The privilege of the debtor to enjoy the necessary comforts of life shall be recognized by wholesome laws, exempting a reasonable amount of property from seizure or sale for the payment of any debt or liability hereafter contracted."

This section of the constitution is not self executing, but requires the action of the legislature to carry its provisions into effect. *Green* v. *Aker*, 11 Ind. 223.

In section 715, Burns' R. S. 1894 (703, R. S. 1881, Acts 1879, p. 127, in force May 31, 1879), it is provided that "An amount of property not exceeding in value $600.00, owned by any resident householder, shall not be liable to sale on execution or any other final process from a court, for any debt growing out of or founded upon a contract, express or implied, after the taking effect of this act."

The legislature did not, however, enact a law absolutely exempting property of the value of $600.00, but provided, by section 725, Burns' R. S. 1894 (713, R. S.

1881, Acts 1879, p. 129, in force May 31, 1879), that "Before a debtor shall receive the benefit of the exemption provided by this act, he shall make out and deliver to the officer holding the execution a schedule of all his property, as now provided by law, in case an exemption from sale on execution is claimed."

Section 726, Burns' R. S. 1894 (714, R. S. 1881, Acts 1861, p. 119, in force July 5, 1861), made provision for the schedule of the debtor's property, referred to in section 725 (713), *supra,* as follows:

"Before any person shall be entitled to the benefit of the provisions of the above recited act, he shall make out and deliver to the sheriff or other officer having the writ, an inventory of all of his or her real estate, within or without this state, money on hand or on deposit within or without this state, rights, credits, and choses in action, and all personal property of every description whatever belonging to him or in which he had any interest at the date of the issuing of the writ, and make and subscribe an affidavit to the same that such inventory contains a full and true account of all such property as required in this act to be set out in the said inventory, had or held by him at the time such writ was issued; and if any of such property has been disposed of by him since the issuing of the writ, such affidavit shall show that fact, and how the same has been disposed of, and what disposition he has made of the proceeds; and until such inventory and affidavit shall be furnished to such officer, he shall not set apart any property to the execution defendant as exempt from execution."

Under this and prior acts with like provisions, this court has held that exemption laws are to be liberally construed, yet the right of exemption granted to the debtor is a personal privilege which he may waive or

claim at his election. A failure to claim the exemption before sale, is deemed a waiver of such right. *Pate* v. *Swann*, 7 Blackf. 500; *State, ex rel.* v. *Melogue*, 9 Ind. 196; *Eltzroth* v. *Webster*, 15 Ind. 21; *Godman* v. *Smith*, 17 Ind. 152; *Sullivan* v. *Winslow*, 22 Ind. 153; *Finley* v. *Sly*, 44 Ind. 266; *Gregory* v. *Latchem*, 53 Ind. 449; *Terrell* v. *State, ex rel.*, 66 Ind. 570; *Williams* v. *Osbon*, 75 Ind. 280; *Over* v. *Shannon*, 75 Ind. 352; *Boesker* v. *Pickett*, 81 Ind. 554; *Haas* v. *Shaw*, 91 Ind. 384; *State, ex rel.* v. *Reed*, 94 Ind. 103; *Berry* v. *Nichols*, 96 Ind. 287; *Guerin* v. *Kraner*, 97 Ind. 533; *Robinson* v. *Hughes*, 117 Ind. 293, 10 Am. St. 45, 3 L. R. A. 383; *Graves* v. *Hinkle*, 120 Ind. 157; *Coppage, Admr.*, v. *Gregg*, 1 Ind. App. 112; *Wagner* v. *Barden*, 13 Ind. App. 571.

Section 725 (713), *supra*, which was passed in 1879, and section 726 (714), *supra*, which was enacted in 1861, require of the execution debtor, as a condition precedent to his right to have the sheriff set off to him property as exempt, etc., that he furnish the officer holding the execution a verified inventory of all the property he owns or has any interest in anywhere in the world. Until this is done the execution debtor is not entitled to his exemption, and the sheriff cannot set apart any property to him as exempt from execution. *Gregory* v. *Latchem*, *supra*; *Over* v. *Shannon*, *supra*; *Graham* v. *Crockett*, 18 Ind. 119; *Astley* v. *Capron*, 89 Ind. 167.

Appellee insists, however, that when the execution debtor has less than $600.00 worth of property that neither the judgment nor execution is a lien on the same. The statutes in this State declare when and upon what property judgments and executions are liens.

Section 694, Burns' R. S. 1894 (682, R. S. 1881), provides that an execution against the property of the

judgment debtor shall require the sheriff to satisfy the judgment out of the property of the debtor subject to execution.

Section 617, Burns' R. S. 1894 (608, R. S. 1881, Acts 1881, p. 348, section 601), provides that all judgments of the supreme and circuit courts for the recovery of money or costs shall be a lien upon real estate and chattels real, subject to execution in the county where the judgment is rendered.

To determine what real estate is subject to sale on execution we turn to section 764, Burns' R. S. 1894 (752, R. S. 1881, Acts 1881, p. 347, section 600), where it is provided that "the following real estate shall be liable to all judgments and attachments, and to be sold on execution against the debtor owning the same and for whose use the same is holden, viz:

"*First.* All lands of the judgment debtor, whether in possession, remainder, or reversion.

"*Second.* Lands fraudulently conveyed with intent to delay or defraud creditors.

"*Third.* All rights of redeeming mortgaged lands; also all lands held by virtue of any land-office certificate.

"*Fourth.* Lands, or any estate or interest therein, holden by any one in trust for or to the use of another.

"*Fifth.* All chattels real of the judgment debtor."

The statute also declares what personal property of a debtor an execution is a lien upon, and the time when the said lien takes effect.

Section 698, Burns' R. S. 1894 (686, R. S. 1881), provides that "When an execution against the property of any person is delivered to an officer to be executed, the goods and chattels of such person within the jurisdiction of the officer shall be bound from the time of the delivery; but if there be several executions, whether issued out of a court of record or by a justice

of the peace, against the same defendant in the hands of different officers, that execution, without regard to the time of its delivery, under which the first levy is made shall have the preference, and all liens created by the prior delivery of any other execution shall be divested in favor of the execution first levied."

This court has held under this section, that an execution is a lien upon the execution debtor's property from the time of its delivery to the officer. *Willson* v. *Binford,* 54 Ind. 569; *McCrisaken* v. *Osweiler,* 70 Ind. 131; *Lindley* v. *Kelley,* 42 Ind. 294; *Cones* v. *Wilson,* 14 Ind. 465; *Johnson* v. *M'Lane,* 7 Blackf. 501; *Vandibur* v. *Love,* 10 Ind. 54.

It follows from the foregoing sections of the statutes and the cases cited that all property of an execution debtor is *prima facie* subject to execution. *State* v. *Melogue, supra; Godman* v. *Smith, supra; Terrell* v. *State, supra; Bueskir* v. *Pickett, supra.*

In *Terrell* v. *State, supra,* which was an action on a sheriff's official bond for damages for failure to levy an execution issued on a judgment upon a contract, this court, on p. 575, said: "Construing together all the statutory provisions bearing upon the seizure and sale of property upon execution, the inference is obvious, that all the property of execution defendants in this State is considered as *prima facie* subject to execution, and that it is the duty of the officer holding an execution to proceed until some claim for exemption is lawfully interposed."

In such case, however, the officer may defeat a recovery by showing that the debtor was a resident householder and his property did not exceed in value the amount allowed by law as exempt from execution. *State, ex rel.,* v. *Harper,* 120 Ind. 23; *Dick* v. *Hitt,* 82 Ind. 92.

The presumption being that the execution debtor

will claim the benefit of the exemption law. This presumption, which may not be conclusive, is predicated upon the theory that every man will do that which is to his own interest. *Dick* v. *Hitt, supra.*

This principle has been approved in other cases. *Williams* v. *Osborne,* 95 Ind. 347; *Simpkins* v. *Smith,* 94 Ind. 470; *Iles* v. *Watson,* 76 Ind. 359; *Williams* v. *Osbon, supra; Campbell* v. *Gould,* 17 Ind. 133; *Bozell* v. *Hauser,* 9 Ind. 522.

While it is true that where an officer sued for a failure to levy an execution issued on a judgment upon contract, makes at least a *prima facie* defense by showing that the execution debtor was a resident householder, and his property did not exceed the amount allowed by law as exempt from execution, yet if he makes a levy upon such property he is not liable therefor to the execution debtor, unless before the sale of such property on the execution, the execution debtor claims his exemption substantially in the manner required by the statute and the same is refused by the officer. *Huseman* v. *Sims,* 104 Ind. 317; *Boesker* v. *Pickett, supra; Finley* v. *Sly, supra; Douch* v. *Rahner,* 61 Ind. 64; *State* v. *Read, supra; Over* v. *Shannon,* 91 Ind. 99; *Chatten* v. *Snider,* 126 Ind. 387; *Van Dresor* v. *King,* 34 Pa. St. 201, 75 Am. Dec. 643, and note pp. 645-653; 1 Freeman on Ex., section 215a; Waples' Homestead and Exemption, p. 781.

After property has been set off by the sheriff under the exemption law as exempt from sale on execution, it may be sold by the debtor free from the lien of the execution and judgment. *Hall* v. *Hough,* 24 Ind. 273; *Vandibur* v. *Love, supra; Ray* v. *Yarndel,* 118 Ind. 112.

The right of the purchaser of real estate, which the vendor could have claimed as exempt from sale on execution, to maintain an action commenced before the execution sale to quiet his title to such real estate

as against such lien rests upon equitable principles, and is not declared by the statute. *Barnard* v. *Brown, supra.*

The execution debtor may, after he has sold property which was subject to the lien of an execution, include it in his schedule and claim it as exempt. *Godman* v. *Smith, supra; Vandibur* v. *Love, supra.*

There is no hardship to anyone, therefore, in allowing the purchaser of said property to maintain an action to enforce his vendor's right to claim such property as exempt in order to protect his own title thereto. We think this doctrine is sound, and is sustained by the principles of equity.

While it may be regarded as settled in this State that the purchaser of property which is subject to a judgment or execution lien may maintain such action when brought before the sale thereof by the sheriff, we do not think the doctrine should be further extended, as is sought in this case.

It is clear that if the sale to appellant Moss had been made by the sheriff before Castor conveyed the real estate to Craig, and no claim had been made by Castor before the sheriff's sale for the exemption of such property, that such sale would have been valid.

The execution debtor, as we have seen, is required to claim his exemption before the sale by the sheriff, and for the same reason his vendee must claim his vendor's right of exemption by commencing his action before the sheriff's sale. His right in this respect can be no greater than his vendor's, under whom he claims.

To hold otherwise would cast suspicion upon every title that depended upon a sale on execution, unless enough time had elapsed since the sale to give a title under some statute of limitations. For if such an action can be maintained if commenced one day after

the sale, it can be sustained if commenced at any time within the period of the statute of limitations. To such a doctrine we cannot yield our assent.

There may be language in some of the cases decided by this court which seems to sustain the trial court in its conclusions of law, but in those cases the question here presented was not before the court and was not considered.

Although the conclusion we have reached in this case may not be in harmony with the inference which might be drawn from the language used in the cases referred to, it is not in conflict with the final judgment of this court in any of those cases. Neither is our conclusion in this case in conflict with the doctrine enunciated in many of our cases where it was sought to reach property of the husband, alleged to have been conveyed to his wife or others to defraud creditors.

In such cases the court has correctly held that when the debtor who is a resident householder, has property worth not exceeding $600.00, fraudulently conveys or transfers the same without consideration to defraud his creditors, that such property cannot be reached for the reason that the debtor could successfully claim the same as exempt from execution if the indebtedness were reduced to judgment. Therefore, his creditors had no right to complain, if he, before judgment, had placed his property beyond the reach of any judgment or execution.

It follows that the court erred in its conclusions of law.

Judgment reversed, with instructions to the court below to restate its conclusions of law in accordance with this opinion and render judgment in favor of appellants.