No. 8364.

KELLER v. McMAHAN.

EXEMPTION. —*Penalty*. —*Tolls*. —*Contract*. —*Judgment*. —*Execution*. —A judgment for a penalty provided by statute for running by a toll-gate to avoid paying toll is not founded upon a contract, express or implied, and the judgment-debtor is not entitled to claim his property as exempt from execution and sale on such judgment.

From the Madison Circuit Court.

Keller *v.* McMahan.

*M. A. Chipman,* for appellant.
*C. D. Thompson,* for appellee.

Morris, C.—This was an action of replevin brought by the appellant to recover the possession of a quantity of personal property. The cause was submitted to the court for trial upon an agreed statement of facts. The court found for the appellee, and, over a motion for a new trial, rendered judgment in his favor.

The overruling of the motion for a new trial is assigned as error. The facts agreed upon are made part of the record by bill of exceptions.

The agreed statement of facts is substantially as follows: The Madison and New Columbus Turnpike Company commenced a suit against the appellant before a justice of the peace of said county, for running by the toll-gate of said company on six different occasions, claiming the right to recover therefor $18; also, for one dollar of toll due on account. There was a trial before the justice, which resulted in favor of the appellant. The company appealed to the Madison Circuit Court, and recovered judgment against appellant for $19 and costs, being the full amount claimed.

On the 31st day of January, 1878, the company caused an execution in due form to be issued on said judgment, and delivered to the appellee as sheriff of said county. By virtue of this execution the appellee levied upon and took into his possession the property in controversy, and advertised the same to be sold on the 11th day of June, 1878. The appellant, the execution defendant, before the day of sale, in the language of the agreed statement of facts, "made out and tendered to said Thomas J. McMahan, as such sheriff, a duly verified inventory of all his property, real and personal, goods and chattels, rights and credits, choses in action, and all property of every kind and description owned by him from the time of the issuing of said execution on the 31st day of January, 1878, up to the time of

tendering said inventory, which schedule or inventory embraced the property levied upon and advertised for sale, all of which amounted in value to less than $300.'' It is also agreed that appellant requested the appellee, as sheriff, to have said property appraised and set off to him as exempt from sale on execution; that he was a resident householder of said county, and had been for some years. The property so demanded was the same described in the complaint and of the value of $128.50 ; that the appellee refused to have the property appraised and set off to the appellant.

The question presented for decision is, was the appellant, upon the facts stated, entitled to have the property levied upon and held by the sheriff, set off to him as exempt from sale on said execution?

The statute in force at the time provides, ''That an amount of property not exceeding in value three hundred dollars, owned by any resident householder, shall not be liable to sale on execution, or any other final process from a court, for any debt growing out of, or founded upon a contract, express or implied,'' after the 4th day of July, 1852.

It is insisted by the appellant that the judgment, upon which said execution was issued and levied upon the property in dispute, was founded upon an implied contract, and that, therefore, he was entitled to hold said property as exempt from sale upon said execution. He argues, that, as the law made him liable to the turnpike company for three dollars for every time he ran by its toll-gate without paying toll, he must be held to have impliedly agreed with the company that, if detected in his efforts to run the gate and escape the payment of the toll, he would, for every time he might be so detected, pay it three dollars ; that the judgment rests upon this implied agreement. The argument is too refined. Every law-breaker and wrong-doer could use it with quite as much force and propriety as the appellant. The liability of the appellant to the turnpike company grew out of an ad-

mitted wrong on his part, and by the agreed statement of facts his property was not, as to eighteen-nineteenths of the judgment, exempt from sale on execution issued upon it. Had the appellant paid the judgment except the one dollar alleged to be due for tolls on account, he might as to that have successfully demanded the exemption of his property from sale. Until such payment was made, the appellee had a right, by virtue of the execution in his hands as sheriff, to levy upon, hold, and sell so much of the property as might be necessary to satisfy that portion of the judgment based upon the wrongful acts of the appellants. *O'Neil* v. *Beck,* 69 Ind. 239 ; *Menzie* v. *Anderson,* 65 Ind. 239.

PER CURIAM.—The judgment is, upon the foregoing opinon, affirmed, at the costs of the appellant.