No. 10,334.

THOMPSON v. ROSS.

EXECUTION.—*Exemption.*—*Replevin.*—*Householder.*—*Burden of Proof.*—In an action of replevin by a resident householder to recover property levied upon, on the ground that the same was exempt from execution, the burthen is upon the plaintiff, and in order to warrant a recovery it must be shown that the judgment upon which the writ issued was rendered upon a contract, express or implied, and that the plaintiff owned the property.

From the White Circuit Court.

*A. W. Reynolds* and *E. B. Sellers*, for appellant.

BEST, C.—The appellee, a constable, levied upon certain personal property with an execution issued upon a judgment rendered against the appellant, and the latter brought this action to recover the same upon the ground that the property was exempt from execution. An issue was formed, a trial had, a finding made, and, over a motion for a new trial, judgment was rendered for the appellee.

The ruling upon the motion for a new trial is assigned as error. The ground of the motion was that the finding was contrary to the evidence. The evidence consisted of the following agreed statement of facts, viz.: "That, on the 16th day of April, 1881, Christina Record and others recovered judgment before Esq. Nathan Pettit against the plaintiff, Jane Thompson, in the sum of forty-two and $\frac{16}{100}$ dollars principal and interest, and costs of suit taxed at — dollars; that, on the 20th day of April, 1881, upon the order of the plaintiff in said last named cause, an execution was duly issued upon said judgment, and delivered by said justice of the peace to the defendant herein, Benjamin F. Ross, who was a constable of said county  *  *  *  *  ; that in pursuance of the commands in said writ of execution, and as such constable, he proceeded to and did levy said writ upon the personal property described in the complaint herein, when said plaintiff, Jane Thompson, demanded her exemption of six hundred dollars under the statute, and presented her schedule as required by the statute in such cases. Whereupon said Ross refused to accept said schedule, and refused to allow her the exemption as demanded by her, but took said property in possession under and by virtue of said levy and writ, when said plaintiff brought this action in replevin for the property so levied upon." The agreement then proceeds to state such facts as show, as appellant contends, that she was a resident householder at the time the levy and claim for exemption were made, but makes no statement as to the ownership of the property or the nature of the liability upon which the judgment was rendered.

This evidence was not sufficient, in our opinion, to warrant a finding for the appellant. The statute provides that "An amount of property not exceeding in value $600, owned by any resident householder, shall not be liable to sale on execution or any other final process from a court, for any debt growing out of or founded upon a contract, express or implied." R. S. 1881, sec. 703. This is the only statute which authorizes

an exemption, and this one only authorizes it on final process for any debt growing out of or founded upon a contract, express or implied. *State* v. *Melogue,* 9 Ind. 196 ; *Keller* v. *McMahan,* 77 Ind. 62.

The burthen of the issue was upon the appellant, and, in order to entitle her to recover, it was not only necessary to prove that she was a resident householder, but that the judgment upon which the execution issued was rendered for a debt growing out of or founded upon a contract, express or implied. The evidence was silent upon this question, and it was, therefore, insufficient to warrant a finding for the appellant, though she was a resident householder.

Again, the evidence does not show that the appellant owned the property in question, and, in the absence of such showing, the finding was right. For these reasons we think the motion for a new trial was properly overruled, and that the judgment must be affirmed. There is no brief on file for the appellee, and we are not informed as to the ground upon which the court below based its finding.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things affirmed, at the appellant's costs.