Filed Feb. 13, 1884.

---

No. 11,148.

WINGLER v. SIMPSON.

| 93 | 201 |
|----|-----|
| 130 | 115 |

| 93 | 201 |
|----|-----|
| 135 | 91 |
| 136 | 661 |

| 93 | 201 |
|----|-----|
| 148 | 13 |
| 152 | 434 |

BOUNDARIES.—*Survey.—Evidence on Appeal.—Occupancy.—Adverse Possession.—Estoppel.*—On appeal from a survey to establish a boundary line between adjoining land-owners, evidence of occupancy, under claim of title, for more than twenty years, to a line different from that fixed by the survey, is admissible.

From the Washington Circuit Court.

*S. H. Mitchell* and *R. B. Mitchell*, for appellant.

*S. B. Voyles* and *H. Morris*, for appellee.

FRANKLIN, C.—This is an appeal to the circuit court from a survey. Trial by the court, finding against the survey, and, over a motion for a new trial, a new survey ordered. Error has been assigned upon the overruling of the motion for a

new trial. The reasons stated in the motion are, admitting improper evidence, that the finding is not sustained by sufficient evidence, and is contrary to law.

The admitted evidence complained of is testimony tending to prove that the appellee had held open, notorious and uninterrupted possession, under color and claim of title, to the land in controversy for more than twenty years. The dispute between the parties was over the boundary line running between their lands. The surveyor had established the line a few rods west of where it had formerly existed by their fencing, cutting off a strip of land that had formerly been occupied by appellee. Appellee appealed from the survey.

The line is not one that was established by the congressional surveys, but is a subdivision line north and south through the east half of a certain quarter section. In the evidence, the parties traced their respective titles back to a time when the lands on both sides of the line were owned by one Henry Ratts.

On the 14th day of November, 1831, said Ratts and wife conveyed to Addison Viles the lands now owned by appellant. In that conveyance they are described as follows: "A certain piece, tract or parcel of land, situate, lying and being in the county of Washington and State of Indiana, and known and described as being part of the east half of the northwest quarter of section seven in township one north, of range four east, in the district of lands offered for sale at Jeffersonville; beginning at the northeast corner of the northwest quarter of section seven in township one north, of range four east, then running south along a marked line to the open line, it is supposed to be about one hundred and sixty rods, thence west with the open line to Godfrey Ratts' corner about fifty rods, thence north along a marked line (this is the line in dispute) to Reachart Wilson's corner, near said Viles' spring, thence northeastward to the beginning, the same being forty acres more or less." This same description is embraced in all the subsequent deeds down to, and including, appellant's deed.

On the 21st day of April, 1833, said Henry Ratts, by his will, devised to Godfrey Ratts " a lot of land he had run off for him by Elijah Wright of the quarter section whereon Addison Viles now lives, containing about forty-nine acres." This tract, in 1859, was sold by a commissioner in partition proceedings between the heirs of Godfrey Ratts, to appellee, who has owned and occupied the same ever since, and the east line of which is the one in dispute between the parties. There appears to have been a lane established on what was supposed to be said line, for a part of the way, more than forty years ago, and for the balance of the way more than twenty years before the survey. There was some evidence that appellee's fence at the south end of the land had, in the last three years, been moved a short distance east, and after the lane was established there were some marked or blazed trees standing along in the lane, but were at the time of the survey all cut down and removed, only some stumps remaining.

We think, under the facts in this case, in connection with the other evidence, it was competent for appellee to prove that he had possessed and occupied the premises up to the lane on the west side thereof, under claim of title, for more than twenty years prior to the survey. An agreement between parties as to a division boundary line, if based upon a consideration, is binding upon them; if not based upon a consideration, but acted upon, possession taken and improvements made up to the line, it becomes binding when inequitable to change it. *Meyers* v. *Johnson*, 15 Ind. 261.

The location of a division boundary line between two land proprietors, acquiesced in and acted upon, and the premises improved up to the line by each for twenty years, becomes binding as the true line. *Ball* v. *Cox*, 7 Ind. 453; *Boyd* v. *Doty*, 8 Ind. 370; *Stratton* v. *State*, 45 Ind. 468; *Brown* v. *Anderson*, 90 Ind. 93; *Smith* v. *McKay*, 30 Ohio St. 409; *Main* v. *Killinger*, 90 Ind. 165; *Fahey* v. *Marsh*, 40 Mich. 236; *Bobo* v. *Richmond*, 25 Ohio St. 115; *Whitman* v. *Heneberry*, 73 Ill. 109; *Baldwin* v. *Brown*, 16 N. Y. 359; *Stark*

v. *Starr*, 1 Sawy. 15; *Pierson* v. *Mosher*, 30 Barb. 81; Tyler Eject. 574; Bigelow Estoppel, 525.

Parol evidence is admissible to prove the former existence, identity and location of ancient monuments since removed, such as marked trees and stones, indicative of the location of lines and corners; and we see no reason why the acts of the interested parties, contemporaneous with the alleged existence of the monuments, as tending to prove their existence, should not be also admissible in evidence. If the possession and improvement up to a recognized line for twenty years should not be held conclusive upon the parties, they certainly would have a tendency to prove an implied agreement that should be acquiesced in after that time, or that that was the true line, and would in either event be admissible in evidence, and should be considered by the court or jury in determining whether the survey was correct.

Appellant admits that such evidence would be proper in actions of ejectment or to quiet title, but insists that it can not be admitted or considered in determining the correctness of a survey.

There can be no good reason for establishing a survey that is immediately liable to be set aside by an action in ejectment or a suit to quiet title.

We think these questions may be considered in determining the correctness of a survey, and there was no error in admitting such evidence.

We have examined the evidence, and think it clearly tends to support the finding of the court, and that the finding of the court is not contrary to law.

The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with costs.

Filed Feb. 14, 1884.