Filed June 21, 1884.

———◆———

| 96 | 287 |
| 134 | 528 |
| 96 | 287 |
| 146 | 594 |

No. 11,546.

## BERRY v. NICHOLS.

EXECUTION.—*Exemption.* —*Injunction.* —*Pleading.*—*Practice.*—A complaint by A. against a sheriff, showing a judgment against B. before a justice of the peace, the filing of a transcript making a lien on land of the debtor, a subsequent conveyance of the land to A., the issue of execution to the sheriff which was levied on the land, notwithstanding a proper claim by schedule of the exemption of the land from execution,. its return without sale and the issue of a *venditioni exponas*, without præcipe, upon which the sheriff was about to sell the land, and praying an injunction, is bad as a complaint, but good as a motion to set aside the *vendi.*. for irregularity, and there is no error in overruling a demurrer to it.

SAME.—*Judgment.*—A judgment on such a complaint, perpetually enjoining the sale and relieving the land of the lien, is not authorized, and a motion to modify it so as merely to enjoin a sale under the *vendi.* should be sustained.

From the Sullivan Circuit Court.

*J. T. Hays* and *H. J. Hays,* for appellant.

*J. C. Briggs* and *C. E. Barrett,* for appellee.

HAMMOND, J.—This was an action by the appellee against the appellant, as sheriff of Sullivan county, to enjoin the sale of real estate under a *venditioni exponas,* issued upon a judgment in favor of Porter Burks against Elizabeth Boon. The appellant's demurrer to the complaint was overruled. He declined to answer, and judgment was rendered in favor of the appellee, perpetually enjoining a sale of the real estate under the judgment, and declaring it released from the lien thereof. The appellant moved the court to so modify the judgment as merely to enjoin a sale of the real estate under the writ under which the appellant was proceeding to sell when this action was commenced. This motion was overruled.

The material facts stated in the complaint were as follows: On November 17th, 1880, Burks filed in the office of the clerk of Sullivan county a transcript of a judgment obtained in his favor before a justice of the peace against Elizabeth Boon, and which, by the filing of such transcript, became a lien upon the real estate in controversy, the same at that time being owned by said Elizabeth Boon. By subsequent conveyances by warranty deeds from Elizabeth Boon and others deriving title from her, the title to the land vested in the appellee, subject to the lien of said judgment. After the appellee became the owner of the land, an execution issued on said judgment, and was placed in the hands of the appellant as sheriff. Elizabeth Boon, by proper inventory of her property, including the real estate in controversy, and by proper affidavit, demanded of the appellant, as such sheriff, the exemption of such real estate from sale under said execution.

It is averred that said real estate and all other property then owned by Elizabeth Boon were of less value than $300. The appellant denied her right to exemption and levied the execution upon the real estate. He returned the execution unsatisfied without a sale of the property, whereupon, without any *præcipe*, the clerk issued a *venditioni exponas*, under which the appellant, as sheriff, was proceeding to sell the real estate when this action was commenced. There is no averment in the complaint that the judgment was rendered upon a debt growing out of contract, express or implied.

The appellant claims that Elizabeth Boon was not entitled to exemption, as she had parted with the title to the real estate before the issue of execution.

Section 1 of an act of 1852, which governed the present case, provided " That an amount of property not exceeding in value three hundred dollars, owned by any resident householder, shall not be liable to sale on execution, or any other final process from a court, for any debt growing out of, or founded upon a contract, express or implied, after the fourth of July, one thousand eight hundred and fifty-two." 2 R. S. 1876, p. 353.

A proper construction of this statute makes it apply, we think, to any property owned by the judgment debtor to which the lien of the judgment, or an execution issued under it, attaches while such property is so owned by him, whether it be afterward conveyed or not. Thus interpreted, the statute allowed Elizabeth Boon to protect herself from the covenants of her deed by claiming the exemption so as to prevent the sale of the property, the same as if it had not been conveyed after the lien of the judgment attached to it.

The appellant refers to *Holman* v. *Martin*, 12 Ind. 553, and *Thompson* v. *Ross*, 87 Ind. 156. In the former case the real estate had never been in the name of the judgment debtor, and he never claimed to own it. In the latter case there was a failure of evidence to show that the execution defendant

ever owned the property. It was held in each case that the facts did not show a right of exemption. Those cases were quite different from the present, and the decisions therein do not conflict with what we now hold to be the law.

The cases of *Vandibur* v. *Love,* 10 Ind. 54, and *Godman* v. *Smith,* 17 Ind. 152, strongly support Elizabeth Boon's right of exemption, provided the appellee's complaint had shown that the judgment was such as authorized an exemption of property levied upon to be sold for its satisfaction. But in this respect the appellee's complaint was defective. It should have averred that the judgment was rendered upon a debt growing out of contract, express or implied, for if it grew out of tort, the exemption was not allowable. *State, ex rel.,* v. *Melogue,* 9 Ind. 196; *Keller* v. *McMahan,* 77 Ind. 62; *Thompson* v. *Ross, supra.* In the absence of a showing to the contrary, it must be presumed that the officer properly performed his duty, and that he rightly refused the exemption.

A *venditioni exponas* can issue only when directed by the judgment plaintiff. Section 741, R. S. 1881. And this direction must be by written *præcipe.* Section 678, R. S. 1881. Where an execution issues without such *præcipe,* it is irregular, and may be set aside on motion. 2 Works Pr., section 1142. As the complaint averred that the writ, under which the appellant was proceeding to sell, issued without a *præcipe,* it was good as a motion to set the writ aside, and there was no error, therefore, in overruling the demurrer. But the complaint was not sufficient to authorize a decree perpetually enjoining a sale of the real estate under the judgment, nor to release such real estate from the lien of the judgment. The appellant's motion to modify the decree should have been sustained.

The judgment is reversed, at appellee's costs, with instruction to the court below to modify the decree in accordance with appellant's motion.

Filed June 18, 1884.