Filed June 25, 1884.

---

No. 11,374.

## NEWCOMER v. ALEXANDER.

REPLEVIN.—*Complaint to Recover Goods in Execution.—Exemption.—Judgment.* —A complaint in replevin against a sheriff by an execution defendant, alleging a taking, by levy of the writ, " though the plaintiff filed a

schedule," and the property was of less value than $600, but failing to show that the judgment on which the execution issued was founded on contract, and that the schedule was such as the law requires, is bad.

PLEADING.—*Demurrer.*—*Practice.*—A demurrer for want of facts to an answer should be sustained to the complaint if it be bad.

From the Hamilton Circuit Court.

*A. F. Shirts* and *W. R. Fertig,* for appellant.

*T. J. Kane, T. P. Davis, D. Moss, R. R. Stephenson* and *H. A. Lee,* for appellee.

FRANKLIN, C.—Appellee commenced this action in replevin against appellant as sheriff of said county, for certain personal property, describing it in his complaint, and alleging that he was the owner thereof; that appellant had levied upon it by virtue of an execution issued upon a judgment against appellee, and now holds the same; that appellee is a citizen and householder of said county, and entitled, under the law, as exempt from execution, to $600 worth of property, and that the property claimed was of the value of $566.20; that he filed a schedule of his property with said defendant as such sheriff, and demanded that it be set off to him, but the defendant refused so to do, and wrongfully detained said property from him.

The defendant answered this complaint by alleging that the judgment upon which the execution was issued was rendered on the bond of plaintiff as administrator of the estate of one Isaac Humbles, deceased, and that the relators in said action were creditors and heirs of said estate, and that the judgment was rendered upon the default of said plaintiff; that the alleged breach of his bond, upon which the judgment was rendered, was the wrongful and unlawful conversion of the assets of the estate to his own use, except the ten per cent. penalty included in the judgment, and that the plaintiff had not sufficient other property to satisfy the judgment.

A demurrer to this answer was sustained. The defendant refused to answer over, and judgment was rendered for the the plaintiff. The errors assigned are, that the complaint

does not state facts sufficient, and that the court erred in sustaining the demurrer to the answer.

A bad answer is good enough for a bad complaint, and when the plaintiff undertook to test the defendant's answer by a demurrer, he thereby submitted his complaint to a similar test, by the demurrer to the answer reaching back to the complaint, and no sufficient objection is lost by not demurring to the complaint.

This complaint is clearly bad. It does not show that the judgment upon which the execution was issued was "for any debt growing out of or founded upon a contract, express or implied." And it is only in such a case that the judgment defendant is entitled to the exemption. There is no presumption of this kind in his favor, and before he can be entitled to the exemption, he must show a case within the provisions of the statute. R. S. 1881, section 703. See the case of *Thompson* v. *Ross*, 87 Ind. 156. Nor does the complaint show what kind of a schedule the plaintiff presented to the sheriff; for aught that appears it may not have been verified, or in accordance with the provisions of the statute in any respect. The sheriff may have rejected the schedule for the reason of its non-compliance with the statute. But wherein the complaint fails to show this judgment was rendered upon a contract, the answer has supplied the defect. But as to what effect this may have upon extending the demurrer to the answer back to the complaint, we need not and do not decide, for the reason that the complaint is bad for the other causes named.

While the answer is good enough for a bad complaint, it would be bad for a good complaint, for it shows that the judgment was rendered upon the administrator's bond, which certainly sounds in contract; and, although the unlawful conversion of the assets of the estate was a wrong, yet the breach of the bond, and not the tort, was sued upon. The contract of suretyship on the bond was intended to cover such delinquencies and deficiencies.

The court erred in sustaining the demurrer to the answer, instead of to the complaint, for which error the judgment ought to be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things reversed, at the costs of appellee, and that the cause be remanded, with instructions to the court below to sustain the demurrer to the complaint, and for further proceedings.

Filed June 25, 1884.