The State, *ex rel.* Wingler, *v.* McIntosh.

Filed Feb. 25, 1885.

---

No. 12,169.

THE STATE, EX REL. WINGLER, *v.* McINTOSH.

EXEMPTION LAW.—*Debt upon Contract.—Costs.*—Under section 703, R. S. 1881, a resident householder can claim an exemption of his property from sale on execution, or other final process from a court, only where such execution or other process is for a debt growing out of or founded upon a contract, express or implied. Costs are not a matter of contract, but they are given or withheld by statute; and where an execution is issued upon a judgment for costs, and it does not appear that such costs were even incident to any debt founded upon any contract, express or implied, the execution defendant, though a resident householder, can not claim any of his property as exempt from sale on such execution.

From the Washington Circuit Court.

*S. H. Mitchell* and *R. B. Mitchell,* for appellant.

*S. B. Voyles* and *H. Morris,* for appellee.

HOWK, J.—In September, 1882, the appellant's relator, Francis A. Wingler, was the owner of certain real estate in Washington county, and one Obadiah Simpson and Samuel Nuckles were each the owner of other lands, in the same county, adjoining the relator's real estate.  On September 25th, 1882, in pursuance of written notice theretofore given to such adjoining land-owners, the relator proceeded with the county surveyor to have the corners and lines of his real estate established according to law.  Thereafter the said Obadiah Simpson duly appealed from the survey, so made by the county surveyor, to the circuit court of Washington county, wherein

such appeal was docketed and tried, under the name and title of *Obadiah Simpson* v. *Francis A. Wingler*. Afterwards, at the May term, 1883, of the court below, the trial of such appeal by the court resulted in a finding in favor of Simpson, and, over Wingler's motion for a new trial, judgment was rendered revoking and setting aside the survey so made as aforesaid by the county surveyor, and ordering and directing a new survey to be made, for the location and establishment of the corners and lines of the relator's real estate. From this judgment Wingler appealed to this court, where, on the 14th day of February, 1884, the judgment below was affirmed, at Wingler's costs. *Wingler* v. *Simpson*, 93 Ind. 201.

Afterwards an execution was issued out of the court below for the costs therein taxed against Wingler in the above mentioned appealed case of *Simpson* v. *Wingler*, which execution was directed to the sheriff of Washington county, and came to the hands of the appellee McIntosh, as such sheriff, to be executed. By virtue of such execution the relator levied upon the aforesaid real estate of the relator, and advertised the same for sale to satisfy such writ; whereupon the relator Wingler, who was then, and before and since, a resident householder of Washington county, made out and delivered to the appellee, as such sheriff, the schedule, inventory and affidavit, of and concerning his property, required of an applicant for exemption by sections 713 and 714, R. S. 1881, and thereon demanded that his real estate aforesaid should be set apart to him by the appellee as exempt from sale on such execution. The appellee, as sheriff, refused to comply with the relator's demand, or to set apart to him the aforesaid real estate as exempt from sale on such execution.

Upon the relator's verified complaint, stating substantially the facts above recited, an alternative writ of mandate was issued in this case, requiring the appellee as sheriff to set apart to such relator the aforesaid real estate, as exempt from sale on the execution then in appellee's hands, or to show cause why he should not do so. The appellee appeared, and his

demurrer to the complaint and his motion to quash the alternative writ of mandate were sustained by the court. The relator declined to amend or plead further, and judgment was rendered against him for appellee's costs.

Errors are assigned here by the appellant's relator which call in question the decisions of the circuit court in sustaining the demurrer to the complaint and the motion to quash the alternative writ of mandate. These errors present for our decision substantially the same questions, namely, Is the case stated by the relator, in his complaint and alternative writ, a case wherein he may lawfully claim any of his property as exempt from sale on the execution in the hands of the appellee as sheriff? Do the facts stated by the relator show that the execution in appellee's hands was " for any debt growing out of or founded upon a contract, express or implied?" Was the judgment for costs, upon which such execution issued, the relator's debt growing out of or founded upon a contract, express or implied? These questions are by no means free from difficulty, and yet it is manifest, we think, that the proper decision of the case in hand depends wholly upon the answers which must be given to the questions stated.

The exemption law of this State, in force since May 31st, 1879, provides as follows: "An amount of property not exceeding in value six hundred dollars, owned by any resident householder, shall not be liable to sale on execution or any other final process from a court, for any debt growing out of or founded upon a contract, express or implied, after the taking effect of this act." Section 703, R. S. 1881. The same law, except as to the amount of the exempted property, had been in force since May 6th, 1853. 2 R. S. 1876, p. 353. In the early case of *State, ex rel.,* v. *Melogue,* 9 Ind. 196, after quoting the statute, the court said : "Under the above provisions, we think property is exempt from execution only in actions upon contract." And so the statute has always been construed by this court. *Keller* v. *McMahan,* 77 Ind. 62 ; *Thompson* v. *Ross,* 87 Ind. 156 ; *Nowling* v. *McIntosh,* 89 Ind. 593 ; *Berry*

v. *Nichols*, 96 Ind. 287. In the case last cited, in speaking of the complaint, the court said: "It should have averred that the judgment was rendered upon a debt growing out of contract, express or implied, for if it grew out of tort, the exemption was not allowable. * * * In the absence of a showing to the contrary, it must be presumed that the officer properly performed his duty, and that he rightly refused the exemption."

In *Church* v. *Hay*, 93 Ind. 323, it was substantially held that the costs recovered by the plaintiff, in a suit for tort, being an incident of the judgment for damages, are collectible on execution in the same way; the judgment is an entirety, and no property is exempt from the execution thereon, either for the damages or for the costs. If it could be correctly said, in the case at bar, that the execution in appellee's hands was for a debt founded upon or even incident to a contract, express or implied, we should have no difficulty in reaching the conclusion that the rulings of the court, of which the appellant's relator complains, were erroneous, and that he was entitled to the exemption which he demanded of the appellee. But the relator failed to show by his complaint, or in his alternative writ, that the debt for which the execution was issued grew out of, or was founded upon, or was even incident to, any contract, express or implied. The debt for which the execution issued was a debt for costs, and those costs were not shown to be an incident even of any debt growing out of or founded upon any contract, express or implied. The costs accrued, as shown in the relator's complaint and by the alternative writ, in a cause or proceeding which was purely statutory, and was not founded upon any contract of any kind, or upon any tort. Costs are not matter of contract, but they are given or withheld by statute. *Smith* v. *State*, 5 Ind. 541; *Dearinger* v. *Ridgeway*, 34 Ind. 54; *Schlicht* v. *State*, 56 Ind. 173; *Henderson* v. *State, ex rel.*, 96 Ind. 437, on page 444.

We are of opinion, therefore, that the court committed no error in sustaining either the demurrer to the relator's complaint or the motion to quash the alternative writ.

The judgment is affirmed with costs.

