Russell *v.* Cleary *et al.*

Filed March 4, 1886.

———◆———

No. 12,403.

RUSSELL *v.* CLEARY ET AL.

EXEMPTION FROM EXECUTION.—*Malicious Prosecution.*—*Judgment for Costs.* —Where a judgment for costs is rendered against the plaintiff in an action for malicious prosecution, he is not, as to such judgment, entitled to

claim the exemption from execution provided by section 703, R. S. 1881.

EXECUTION.—*Injunction.*—*Tender.*—Where an execution has been issued on a judgment which is right as to a part of its amount, the execution defendant can not enjoin the collection of the execution until he has first paid or tendered the part which is right.

From the Vigo Superior Court.

*S. C. Stimson* and *R. B. Stimson,* for appellant.

*B. E. Rhoads* and *E. F. Williams,* for appellees.

HOWK, J.—Errors are assigned here by appellant Russell, the plaintiff below, upon the decisions of the superior court, (1) in sustaining the separate demurrers of appellee Stephen Hedges to each of the first and second paragraphs of complaint, and (2) in overruling his motion for a new trial.

In the first paragraph of his complaint, appellant alleged that, on the 19th day of May, 1882, he was plaintiff in an action then pending in the superior court of Vigo county, against appellee Hedges, for malicious prosecution; and that, on the day last named, appellant dismissed his aforesaid action for malicious prosecution, and the costs therein were taxed against him in the sum of $56.90; that afterwards, on November 24th, 1883, appellee Hedges caused an execution to be issued against appellant for the collection of such costs, and placed such execution in the hands of appellee Cleary, sheriff of Vigo county, who proceeded to levy the same upon appellant's property; that appellant was then and since a householder of the State of Indiana, and, as such, demanded the benefit of exemption from execution, and delivered to such sheriff, at the time of making such demand, a full, true and complete schedule and inventory of all his property of every name and description, in due form of law, and verified by appellant's affidavit; that appellee Cleary, by Hedges' direction, in disregard of such demand and schedule, levied upon and was proceeding to sell appellant's property, and refused to set off to appellant any property as exempt from execution, to his irreparable injury; that all of

appellant's property was worth less than $600, and should all be set off to him as free from execution; that the appellees, after appellant had demanded exemption of his property at the hands of sheriff Cleary, and had delivered to him such schedule and inventory, unlawfully entered appellant's house and levied upon and seized his household goods, and his wife being then and there sick was so disturbed, excited and frightened by such unlawful doings of appellees, that her malady was greatly aggravated; and appellant averred that he had been damaged, by such unlawful doings of appellees in the sum of $600. Wherefore appellant prayed that appellees be restrained from selling such property, and that the execution of such judgment be enjoined, and for $500 damages, etc.

In section 703, R. S. 1881, in force since May 31st, 1879, which section, except as to the amount of the exemption, is substantially a re-enactment of section 1 of "An act to exempt property from sale in certain cases," approved February 17th, 1852, it is provided as follows:

"An amount of property not exceeding in value six hundred dollars, owned by any resident householder, shall not be liable to sale on execution or any other final process from a court, for any debt growing out of or founded upon a contract, express or implied, after the taking effect of this act."

In construing the provisions of this section of the statute, it has been uniformly held by this court, that, under such provisions, property can only be claimed by a resident householder, as exempt from sale on execution, where the judgment has been rendered in an action upon a cause of action growing out of or founded upon a contract express or implied. State, ex rel., v. Melogue, 9 Ind. 196; Thompson v. Ross, 87 Ind. 156; State, ex rel., v. McIntosh, 100 Ind. 439.

In the case in hand, it will be seen from the summary of the first paragraph of complaint heretofore given, that the judgment for costs against the appellant, and as to which he claimed an exemption of his property from sale on an exe-

cution issued thereon, was rendered in an action, not upon contract express or implied, but to recover damages for a malicious prosecution, and sounding in tort. In *Nowling* v. *McIntosh*, 89 Ind. 593, in speaking of a complaint similar, in some respects, to the complaint now under consideration, the court said: "There was no error in sustaining the demurrer to the complaint in this suit. It was insufficient because exemption exists only in actions upon contract, and because it claimed exemption on a judgment obtained in an action sounding in tort. *Boesker* v. *Pickett*, 81 Ind. 554; *Keller* v. *McMahan*, 77 Ind. 62."

We held substantially in *Church* v. *Hay*, 93 Ind. 323, that the costs recovered by the plaintiff, in a suit for tort, being an incident of the judgment for his damages, are collectible on execution as the damages are collectible; the judgment is an entirety, and no property is exempt from the execution thereon, either for the damages or for the costs. In *State, ex rel.*, v. *McIntosh, supra*, there was a judgment for costs against the plaintiff's relator, Wingler, rendered in a special proceeding, not founded upon contract nor sounding in tort. An execution issued on such judgment was levied by McIntosh, sheriff, on the property of Wingler, and he demanded that such property should be set apart to him as exempt from sale on such execution. The sheriff refused to comply with such demand, and Wingler filed his complaint for a mandate to compel sheriff McIntosh to comply with his demand for the exemption of his property from sale on such execution. McIntosh's demurrer to this complaint was sustained by the circuit court, and Wingler appealed to this court. In affirming the judgment below, we held, in substance, and correctly so, we think, that costs are not a matter of contract, but are given or withheld by statute; and that where an execution is issued upon a judgment for costs, and it does not appear that such costs were incident to any debt founded upon a contract, express or implied, the execu-

tion defendant, though a resident householder, can not claim any of his property as exempt from sale on such execution.

In the case under consideration, we are of opinion that no error was committed by the superior court in sustaining the demurrer to the first paragraph of appellant's complaint. *Berry* v. *Nichols*, 96 Ind. 287.

In the second paragraph of his complaint, appellant asks a court of equity to enjoin the appellees from collecting the aforesaid execution against him, issued on such judgment for costs, upon the ground that appellee Hedges could only recover judgment for the costs made by himself, in the action for malicious prosecution, namely, the sum of $40; and that, as the execution was issued for the sum of $56.90, the aggregate costs of both parties, appellant as well as appellees, it was erroneous as to the excess over $40, namely, $16.90, and appellant was entitled to an injunction against such execution. If appellant had paid or tendered, before he commenced this suit, the judgment against him for $40 costs, it is possible that he might have an injunction against the execution as to the residue, to wit, $16.90 of such costs, though this point we need not and do not decide. What we do decide is that where an execution has been issued on a judgment, which is confessedly right as to a part of its amount, the execution defendant can not enjoin the collection of such execution, until he has first paid or tendered that part thereof, which it admitted to be right. In such a case, the familiar rule is applicable that a suitor, who seeks equitable relief, must affirmatively show in his complaint that he has first offered to do equity; otherwise, he can have no standing in a court of equity. *McWhinney* v. *Brinker*, 64 Ind. 360; *Lancaster* v. *DuHadway*, 97 Ind. 565; *Rowe* v. *Peabody*, 102 Ind. 198.

The demurrer to the second paragraph of complaint was correctly sustained.

We must decline to consider the only question sought to be presented under the alleged error of the court, in over-

ruling the motion for a new trial. There is nothing in the question. There is no error in the record of which the appellant can complain.

The judgment is affirmed, with costs.

