Goldthait *et al. v.* Walker *et al.*

No. 16,212.

GOLDTHAIT ET AL. *v.* WALKER ET AL.

INJUNCTION.—*Action to Enjoin Enforcement of Execution.—Necessary Allegations to Authorize Presumption Against Title.—Decedent's Estate.*—In an action to enjoin the enforcement of an execution against lands alleged to have been purchased by the plaintiffs at executor's sale, the execution debtor being a son of the testator, and not having been made a party defendant to the proceeding to sell, before the court can indulge the presumption against the title of the plaintiffs, the pleading should state a defense not only as against the parties to the action, but as against every imaginable circumstance, and every possible conjecture or surmise.

EXEMPTION FROM EXECUTION.—*Answer of.—Necessary Allegations.*—An answer setting up the right of exemption must show that the cause of action is based upon a contract express or implied, the general allegation of the existence of such right not being sufficient.

From the Grant Circuit Court.

*J. A. Kersey,* for appellants.

HACKNEY, J.—Appellees' petition was to enjoin the enforcement of an execution against lands specifically alleged to have been purchased by appellees at the sale by the executors of Joshua Buroker. It further appeared that the execution was upon a judgment against Jacob P. Buroker, and in favor of the appellants.

The appellants insist that we must presume against the title so specifically alleged; that the execution debtor was a son of the testator, and that he was not a defendant in the proceeding to sell, under the direction of the will for the payment of the debts of the estate, and by the existence of such presumptions that the complaint must be held bad on demurrer, in that it would thus appear that the interest, by descent or by devise, of such son was not divested by such sale.

The complaint alleged title in the testator, and alleged

facts sufficient, in the absence of the presumptions urged, to confer title upon the appellees. To indulge the presumptions so urged would require a pleading to state a cause of action or defense not only as against the parties to the action, but as against every imaginable circumstance and every possible conjecture or surmise.

To an answer by the appellants, setting up the relationship of said Jacob P. Buroker to the testator, and that the said Jacob was not a party to said proceeding to sell, the appellees replied that Jacob was a householder, and entitled to an exemption; that his property, real and personal, including his interest in the lands in question, was of less value than three hundred dollars; that said property was not subject to the lien of appellants' judgment. A demurrer to this reply was overruled.

Upon special findings of fact, the court stated as a conclusion of law that said property was exempt from execution against said Jacob.

It was not alleged in the reply, nor was it found by the court, that the judgment from which said property was so held exempt was upon contract, express or implied.

It is only upon contracts, express or implied, that the right of exemption is secured, and in pleading such right, or in finding the facts upon which to .predicate such right, it must appear that the contract was of the character authorizing it, and a general allegation of the existence of such right is insufficient. *Russell* v. *Cleary*, 105 Ind. 502; *Huseman* v. *Sims*, 104 Ind. 317; *State, ex rel.,* v. *McIntosh*, 100 Ind. 439; *Guerin* v. *Kraner*, 97 Ind. 533; *Berry* v. *Nickols*, 96 Ind. 287; *Boesker* v. *Pickett*, 81 Ind. 554; *Thompson* v. *Ross*, 87 Ind. 156; *Keller* v. *McMahan*, 77 Ind. 62; *Over* v. *Shannon*, 75 Ind. 352; *State, ex rel.,* v. *Melogue*, 9 Ind. 196.

We have not been aided by a brief on behalf of the

appellees, and we doubt if the point here disclosed was urged upon the able and careful judge of the lower court; however, it is fully presented by the record, and for that reason the judgment is reversed, with instructions to the lower court to sustain the demurrer to the second paragraph of reply.

Filed May 23, 1893.