## State, ex rel. Kelly, v. Morgan.

[No. 19,888. Filed April 28, 1903.]

EXEMPTIONS.—*Debt Must be Founded on Contract.*—Under the provisions of §715 Burns 1901, a resident householder can claim an exemption of his property from sale on execution, or other final process from a court, only when such execution or other process is issued on a judgment for a debt growing out of or founded upon a contract, express or implied. *p. 475.*

SAME.—*Money Won at Gaming.*—The judgment defendant, in a suit by the State, under §6678 Burns 1901, to recover, for the benefit of the wife of the loser, money lost at gaming, is not entitled to the benefit of the exemption laws of the State as against an execution on such judgment. *pp. 475–479.*

From Greene Circuit Court; *O. B. Harris,* Judge.

Mandamus by the State on the relation of Matthew Kelly against John D. Morgan, sheriff, to compel defendant to set apart to him as exempt from sale on execution certain personal property. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*E. E. Hastings, M. S. Hastings, J. G. Allen* and *J. C. Billheimer*, for appellant.

*C. K. Tharp*, for appellee.

Monks, J.—Under the provisions of §§6675-6680 Burns 1901, §§4950-4955 R. S. 1881 and Horner 1901, the State of Indiana recovered a judgment for $9,000, and costs of suit against Dallas Tyler and the relator Matthew Kelly, for the benefit of the wife of Richard C. Davis, for money lost by said Davis to said Tyler and Kelly by betting on certain games. Said action was brought and judgment recovered in the name of the State, for the benefit of the wife of the loser in said games, by virtue of §6678, *supra*. An execution was issued on said judgment to appellee, as sheriff of Daviess county, and this action was brought by the relator, who was a resident householder of said county, to compel appellee, by writ of mandamus, to set apart to him as exempt from sale on said execution certain personal property. A trial of said cause resulted in a judgment in favor of appellee.

If the relator was entitled to the benefit of the exemption laws of this State as against said execution, said judgment must be reversed; if not, the judgment of the trial court must be affirmed. Under the provisions of our exemption law, a resident householder can claim an exemption of his property from sale on execution or other final process from a court only when such execution or other process is issued on a judgment for a debt growing out of or founded upon a contract, express or implied. §715 Burns 1901, §703 R. S. 1881 and Horner 1901; *State, ex rel.,* v. *McIntosh,* 100 Ind. 439, 441, 442, and cases cited; *Russell* v. *Cleary,* 105 Ind. 502, 504, 505, and cases cited; *Ross* v. *Banta,* 140 Ind. 120, 141, 142; *Donaldson* v. *Banta,* 5 Ind. App. 71.

The question is, therefore, was the cause of action on which said judgment for $9,000 was rendered one growing out of or founded upon a contract. By statute, in this State, all "playing or betting at or upon any game or

wager" is declared unlawful (§2176 Burns 1901, §2081 R. S. 1881 and Horner 1901); and all contracts in which the consideration, or any part thereof, is for money or other valuable thing won on the result of any wager or for repaying any money lent at the time of such wager, for the purpose of being wagered, are declared void. §6675, *supra.* Section 6676, *supra,* provides: "If any person by betting on any game, or betting on the hands or sides of such as play at any game, shall lose to any one any money, or valuable thing, and shall pay or deliver the same, or any part thereof, the person so losing and paying, or delivering the same, may, within six months next following, recover the money or other valuable thing so lost and paid or delivered, or any part thereof, with costs of suit, by action founded on this act, to be prosecuted in any court having jurisdiction thereof." It is provided by §6678, *supra,* that if the losing party shall not, within the time fixed in §6676, *supra,* in good faith, "sue and with effect prosecute for the money or thing so lost and paid or delivered, it shall be the duty of the prosecuting attorney, on information filed with him * * * to sue for and recover the same in the name of the State, with costs of suit, against any such winner, for the benefit of the wife or minor children, or either of them, if living, in the order herein named, of the person losing the same; and in case there shall be no such wife or minor children, then for the benefit of common schools." Without said statute, money or other property lost at gaming could not be recovered. The whole transaction being in violation of law, the winner has no title to the money, or other property lost to him, and the loser could recover the same, but for the rule that the loser and winner are *in pari delicto.* Under such circumstances the common law leaves them where it finds them. *Ervin* v. *State, ex rel.,* 150 Ind. 332, 336, 342, 343, and cases cited.

It was said by this court in *Ervin* v. *State, ex rel., supra,* page 342: "The action authorized by the statute under

consideration is one that could not be maintained at common law. Because of the parties to the bet being *in pari delicto* the common law would leave them where they placed themselves. *Woodcock* v. *McQueen,* 11 Ind. 14; *M'Hatton* v. *Bates,* 4 Blackf. 63. Nor would the action lie at common law to recover the money in the name of the State, or anybody else, for the benefit of the wife or children of the loser, nor for the benefit of the common schools. In other words, the legislature in passing the statute intended to create a new right of action that had no existence at common law, and such a right of action as could rest alone upon the statute."

It was held, in *State, ex rel.,* v. *McIntosh,* 100 Ind. 439, 441, 442, *Russell* v. *Cleary,* 105 Ind. 502, 505, 506, *Ross* v. *Banta,* 140 Ind. 120, 141, 142, and cases cited, "That costs are not a matter of contract, but are given or withheld by statute," and that, therefore, when an execution is issued upon a judgment for costs alone, the execution defendant, although a resident householder, can not claim any property as exempt from sale on such execution. It would seem, therefore, if the right of the State to recover money or other property lost at play from the winner is given by, and rests alone upon, the statute, as held in *Ervin* v. *State, ex rel., supra,* that the winner, under the cases cited, would not be entitled to the benefit of the exemption law as against an execution issued on a judgment against him in favor of either the loser or the State.

Counsel for the relator insist that said action by the State to recover the money lost by said Davis to Tyler and the relator was founded on an implied contract; citing *Brislow* v. *James,* 7 T. R. 253; *Meech* v. *Stoner,* 19 N. Y. 26; *McDougall* v. *Walling,* 48 Barb. 364, 370. The cases cited by relator were brought by the loser or his assignee; and, even if they hold that the loser's right to recover in such cases arises out of contract, express or implied—a question we need not and do not decide—they do not support rela-

tor's contention that the State's right to recover in such cases for the benefit of the wife of the loser, or his minor children, or for the benefit of the common schools, grows out of or is founded upon a contract, express or implied. Whatever may be said of the loser's right to recover, it is clear that the right given the State by §6678, *supra,* is a penalty intended to suppress the vice of gambling.

The New York statute gave the loser three months within which to sue for and recover from the winner the money lost and paid to him. Section 15 of said act (R. S. N. Y. 1829, p. 663) provided that in case the person losing the money shall not, within the time fixed, in good faith and without collusion, sue for the money lost and paid, and prosecute such suit to effect, without unreasonable delay, the overseers of the poor of the town where the offense was committed may sue for and recover the sum so lost and paid, together with treble the said sum, "from the winner, for the benefit of the poor."

In *Meech* v. *Stoner, supra,* the court decided that the loser's right to recover is based upon the duty of the winner to restore the money won, and that the statute merely abrogated in such cases the rule of the common law that the loser is without a remedy, because *in pari delicto* with the winner; but the court also held that said §15, *supra,* was not based on the duty of the winner to restore the money won, but was a penalty intended to repress gambling. The same is true of §6678, *supra,* of the statutes of this State. The statute first provides for restitution between the parties, if claimed within the time fixed; if not so claimed then the penalty attaches in favor of the State for the benefit of the wife or minor children of the loser, if living, in the order named, and if there be no wife or minor children, then for the benefit of the common schools.

It can not be said that the winner owes any duty to restore the money won by him to the State, for the benefit of the wife or minor children of the loser, or for the bene-

fit of the common schools, or that the abrogation of the disability of the loser to maintain such action gave to the State any right to recover. The State's right to recover depends upon the statute alone as held by this court in *Ervin* v. *State, ex rel.*, 150 Ind. 332, 342, 343, and the amount recovered is a penalty to suppress gambling.

It follows that the relator was not entitled to an exemption of his property against said execution.

Judgment affirmed.